IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

United States of America  *

**Plaintiff,**

 *

v.   Case No. 1:22-cv-01603-CCB

 *

Booz Allen Hamilton Holding Corporation, et al.

**Defendant.**  *

## MOTION FOR ADMISSION PRO HAC VICE

I, Todd Stenerson, am a member in good standing of the bar of this Court. I am moving the admission of Ryan Shores to appear pro hac vice in this case as counsel for Booz Allen Hamilton Inc. and Booz Allen Holding Corp.

We certify that:

1. The proposed admittee is not a member of the Maryland bar and does not maintain any law office in Maryland

2. The proposed admittee is a member in good standing of the bars of the following State Courts and/or United States Courts:

| State Court & Date of Admission | U.S. Court & Date of Admission |
|---|---|
| See Attached. | See Attached. |
| | |
| | |

3. During the twelve months immediately preceding this motion, the proposed admittee has been admitted pro hac vice in this Court  0  time(s).

4. The proposed admittee has never been disbarred, suspended, or denied admission to practice law in any jurisdiction. (NOTE: If the proposed admittee has been disbarred, suspended, or denied admission to practice law in any jurisdiction, then he/she must submit a statement fully explaining all relevant facts.)

5. The proposed admittee is familiar with the Maryland Attorneys' Rules of Professional Conduct, the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Federal Rules of Appellate Procedure, and the Local Rules of this Court, and understands he/she shall be subject to the disciplinary jurisdiction of this Court.

6. The proposed admittee understands admission pro hac vice is for this case only and does not constitute formal admission to the bar of this Court.

7. Either the undersigned movant or _____, is also a member of the bar of this Court in good standing, and will serve as co-counsel in these proceedings.

8. **The $100.00 fee for admission pro hac vice accompanies this motion.**

9. We hereby certify under penalties of perjury that the foregoing statements are true and correct.

| MOVANT | PROPOSED ADMITTEE |
|---|---|
| /s/ Todd Stenerson | /s/ Ryan Shores (signed by Todd Stenerson with permission of Ryan Shores) |
| Signature | Signature |
| Todd Stenerson (D. MD #14194) | Ryan Shores |
| Printed name and bar number | Printed name |
| Shearman & Sterling LLP | Shearman & Sterling LLP |
| Office name | Office name |
| 401 9th St. NW, Suite 800 Washington, DC 20004 | 401 9th St. NW, Suite 800 Washington, DC 20004 |
| Address | Address |
| 202.508.8000 | 202.508.8000 |
| Telephone number | Telephone number |
| 202.508.8100 | 202.508.8100 |
| Fax Number | Fax Number |
| todd.stenerson@shearman.com | ryan.shores@shearman.com |
| Email Address | Email Address |

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

## MOTION FOR ADMISSION PRO HAC VICE

Ryan Shores

| State Or Federal Court | Date Of Admission |
|---|---|
| VA Bar | 11/4/2005 |
| DC Bar | 9/15/2006 |
| US Court of Appeals - 4th Cir. | 3/14/2007 |
| US Court of Appeals - 6th Cir. | 3/3/2008 |
| DC - DC Cir. | 4/1/2008 |
| DC - D.D.C. | 10/6/2008 |
| US Court of Appeals - 3d Cir. | 10/7/2008 |
| US Court of Appeals - Fed. Cir. | 4/1/2009 |
| U.S. Supreme Court | 8/17/2009 |
| CO - D. CO | 8/17/2009 |
| WI - W.D. WI | 2/25/2010 |
| WI - E.D. WI | 1/27/2012 |
| VA - E.D. VA | 8/6/2013 |
| US Court of Appeals - 2d Cir. | 8/22/2013 |
| US Court of Appeals - 5th Cir. | 9/19/2017 |
| Supreme Court of Illinois | 7/18/2018 |
| US Court of Appeals - 9th Cir. | 8/16/2019 |

**Background Questionnaire 4**

Because of a procedural limitation unrelated to my practice of law, I was denied *pro hac vice* admission to the U.S. Virgin Islands Bar in *Alleyne v. Cruzan Viril, Ltd.*, Super. Ct. Civ. No. 143/2013 (STX). As a matter of first impression, the Supreme Court of the Virgin Islands interpreted its Supreme Court Rule 201(a)(4) to prohibit *pro hac vice* admission to any applicant when that applicant's law firm had appeared in three prior causes of action. The Supreme Court denied my application under this Rule because lawyers from Hunton & Williams LLP had previously appeared in more than three causes of action (as was disclosed in my application). I sought an equitable exception from this procedural rule, but the Supreme Court denied this request. The rule has since changed and I subsequently was admitted to the Virgin Islands Bar.