# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> BOOZ ALLEN HAMILTON, INC., et al., <br><br> Defendants. | Case No.: 1:22-cv-01603-CCB |

## DEFENDANTS' EMERGENCY MOTION FOR PROTECTIVE ORDER AND SANCTIONS

Pursuant to Federal Rule of Civil Procedure 26(c)(1), Defendants EverWatch Corp. ("EverWatch"), EC Defense Holdings, LLC, and Analysis, Computing & Engineering Solutions, Inc. (collectively the "EW Defendants"), by and through counsel, hereby move this Court for a Protective Order to prevent the United States Department of Justice ("DOJ") from publicly filing, or otherwise publically disclosing, the EW Defendants' confidential materials. EW Defendants also respectfully requests that this Court sanction DOJ, and issue an order (1) requiring DOJ counsel to immediately contact the clerk of court to remove the filing from public access, (2) admonishing DOJ regarding its conduct, and (3) directing DOJ not to publicly disclose EverWatch's confidential materials without following the proper procedures in the Antitrust Civil Process Act and any protective order entered in this case.

In support thereof, EW Defendants state the following:

1. DOJ may not publicly disclose documents produced pursuant to a civil investigative demand ("CID") without the producing party's consent. 15 U.S.C. § 1313(c)(3); *see also GAF Corp. v. Eastman Kodak Co.*, 85 F.R.D. 46, 52 (S.D.N.Y. 1979) ("The Antitrust

1

Civil Process Act specifically bars the government from revealing the contents of [the materials] to Kodak without GAF's consent."); *U.S. v. Alex. Brown & Sons, Inc.*, 169 F.R.D. 532, 543 n.5 (S.D.N.Y. 1996) *aff'd sub nom. United States v. Bleznak*, 153 F.3d 16 (2d Cir. 1998) ("15 U.S.C. § 1313(c) expressly prohibits the Government from disclosing [CID materials] without permission from the targets.").

2. The DOJ has made clear that the Antitrust Civil Process Act prevents it from publicly disclosing documents produced pursuant to a CID, even when the DOJ is engaged in litigation. *See, e.g., U.S. v. AT&T, Inc.*, 310 F. Supp. 3d 161, 185 (D.D.C. 2018) (noting DOJ's argument that it could not produce CID materials in litigation because it was "required [under the Antitrust Civil Process Act] to obtain consent from each of the third parties that originally had produced the information in question.").

3. Rule 26(c)(1) provides that, upon a showing of good cause, the Court may enter a protective order to "protect a person from annoyance, embarrassment, oppression or undue burden or expense." Fed. R. Civ. P. 26 (c)(1). EverWatch's proposed Protective Order easily meets that standard. DOJ's disregard for the Antitrust Civil Process Act, and its apparent inability to correct a filing issue in a timely manner, demonstrate that barring DOJ from further publicly disclosing documents EverWatch produced in response to the CID is appropriate and necessary.

4. This Court has the inherent power to order sanctions "to impose order, respect, decorum, silence, and compliance with lawful mandates." *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 461 (4th Cir. 1993). This Court has considerable discretion to fashion a sanction to remedy this issue and to impose order on this litigation. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991).

5. Courts treat the improper disclosure of confidential materials extremely seriously, and such conduct is routinely sanctioned. *See, e.g. SAS Inst. Inc. v. World Programming Ltd.*, No. 10-25, 2014 WL 1760960 at *4 (E.D.N.C. May 1, 2014) (imposing sanctions for violation of protective order). In the Fourth Circuit, even an unintentional violation of a protective order is an appropriate ground for sanctions. *Forrest Creek Assocs., Ltd. v. McLean Sav. & Loan Ass'n*, 831 F.2d 1238, 1245 (4th Cir. 1987).

6. Courts impose sanctions where parties act irresponsibly with respect to the public dissemination of information, even apart from any protective order. *See, e.g.*, *Am. Sci. & Eng'g, Inc. v. Autoclear, LLC*, 606 F. Supp. 2d 617, 625 (E.D. Va. 2008) (sanctioning the defendant even if the misstatements were unintentional . . . the issuance of a patently misleading press release on a nationally available, widely-read internet set is completely irresponsible.").

7. As further laid out in the Memorandum filed in connection with this Motion, the DOJ has disregarded the Antitrust Civil Process Act in the present action and has filed documents produced by the EW Defendant's in response to a CID on this Court's public docket. DOJ has not corrected this filing issue and claims no correction is necessary. A protective order and sanctions barring DOJ from further publicly disclosing the EW Defendants' confidential materials, requiring DOJ counsel to immediately contact the clerk of court to remove the filing from public access, admonishing DOJ regarding its conduct, and directing DOJ not to publicly disclose EverWatch's confidential materials without following the proper procedures in the Antitrust Civil Process Act is appropriate and necessary to protect the EW Defendants from annoyance, embarrassment, oppression and undue burden or expense and impose order on this litigation.

8. EverWatch met and conferred with DOJ in good faith on July 8, 2022, but the

parties were unable to resolve their dispute.

**WHEREFORE**, Defendants EverWatch Corp., EC Defense Holdings, LLC, and Analysis, Computing & Engineering Solutions, Inc. respectfully request that this Court grant this Motion for a Protective Order and Sanctions, and to grant such further relief as this Court deems proper.

Respectfully submitted,

Dated: July 11, 2022

*/s/ Molly M. Barron*
Molly M. Barron (Bar No. 19151)
Amanda P. Reeves (*pro hac vice* pending)
Marguerite M. Sullivan (admitted *pro hac vice*)
Anna M. Rathbun (admitted *pro hac vice*)
G. Charles Beller (admitted *pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-22001
molly.barron@lw.com
amanda.reeves@lw.com
marguerite.sullivan@lw.com
anna.rathbun@lw.com
charlie.beller@lw.com

Alfred C. Pfeiffer Jr. (*pro hac vice* pending)
Kelly S. Fayne (admitted *pro hac vice*)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
al.pfeiffer@lw.com
kelly.fayne@lw.com

*Attorneys for Defendants EverWatch Corp., EC Defense Holdings, LLC, and Analysis, Computing & Engineering Solutions, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

*/s/ Molly M. Barron*
Molly M. Barron (Bar No. 19151)