# EXHIBIT 1

| | |
|---|---|
| **From:** | Ryan Shores <Ryan.Shores@Shearman.com> |
| **Sent:** | Wednesday, July 6, 2022 6:55 AM |
| **To:** | Quin, Kevin (ATR); Norm Armstrong; Reeves, Mandy (DC); David Higbee |
| **Cc:** | ATR-DIA-BAH-EverWatch-Staff |
| **Subject:** | RE: Schedule for Booz Allen/EverWatch |

Kevin:

Thanks for your email and the conversation yesterday.  I am writing to confirm our conversation and next steps.

1. When we spoke last Thursday, you committed to send us DOJ's proposed PI order.  As we discussed, receiving the draft promptly would allow us to discuss your requested relief with our respective clients. It would also have provided us a meaningful opportunity to confer with you about whether any form of agreed-upon relief could obviate your motion (or at least limit the issues to be litigated).  Five days later, and forty-five minutes before our call, you sent us the proposed PI order and announced DOJ's intent to file the PI motion on Wednesday (i.e., at most 24 hours later).  On our call yesterday, we asked for at least 48 hours to confer with our respective clients and engage in good-faith discussions with the Division regarding the relief and potential ways the parties could obviate the motion.  On our call and in your follow up email below, you refused.  We reiterate our request for 48 hours and suggest the parties meet again on Thursday afternoon.  As your own delay in providing us with the proposed PI order shows, there is no urgency that would justify filing today.  Moreover, DOJ's demand that, in than 24 hours, we both confer with our respective clients regarding an extensive and unprecedented PI request (seeking, among other things, "abrogation" of the merger agreement) and then confer with you is unreasonable.  Finally, there are mischaracterizations and faulty assumptions in the proposed order that warrant a discussion by the parties before DOJ rushes in an unnecessary PI filing.
2. During the course of our conversation, you made clear that DOJ's PI request is focused on what you called the anticompetitive "incentives" created by the merger agreement and not on communications between the parties.  You explained that DOJ has no issue with the merger other than the Optimal Decision procurement.  Apart from this OD bid, DOJ has no concern that the merger would violate the antitrust laws.
3. As to scheduling and the proposed scheduling orders you sent toward the end of last week, you asked us on Friday to "hold off" on reviewing them because "we will be making some significant changes to the proposed schedule.  We will send you a new proposal as soon as possible."  Today, however, DOJ reversed course.  Specifically, you said that we should review the proposed schedules you sent last week and DOJ will be making no material changes to those schedules.  We will get back to you as soon as practicable.  However, because we had set aside those proposals at your suggestion, it will take us some time to review them, discuss them with our respective clients, and then get back to you with our proposals.  We look forward to meeting-and-conferring in good faith on those proposals.
4. We will send you proposed edits to the protective order today.
5. You asked whether we would agree to not consummate the merger until the conclusion of litigation.  We said that we would discuss this issue with our respective clients and get back to you.

Best,
Ryan

---

**From:** Quin, Kevin (ATR) <Kevin.Quin@usdoj.gov>
**Sent:** Tuesday, July 5, 2022 11:32 PM
**To:** Norm Armstrong <NArmstrong@KSLAW.com>; Ryan Shores <Ryan.Shores@Shearman.com>; Amanda.Reeves@lw.com; David Higbee <David.Higbee@Shearman.com>

**Cc:** ATR-DIA-BAH-EverWatch-Staff <DIA-BAH-EverWatch-Staff@ATR.USDOJ.GOV>
**Subject:** Schedule for Booz Allen/EverWatch

Norm, Ryan and Mandy,

On our call this afternoon we proposed that the parties discuss the draft preliminary injunction order tomorrow.  If I understood correctly, you were planning to send us a proposal tonight with dates for a meet and confer on that and the proposed CMO.  We haven't heard from you, but on our call this afternoon you proposed holding off on that discussion until Friday, when you expect to offer some alternatives.

As we stated, we are concerned that the window to restore competition for the OPTIMAL DECISION project is closing rapidly, so it is urgent that this matter move forward as quickly as is reasonably possible. Moreover, the proposed order is quite simple.  Given this, we do not believe that a three day review period is warranted.

We will hold off until close of business tomorrow to hear your proposed alternatives for the order, but we cannot delay longer than that.

Kevin

Kevin Quin | Defense, Industrials and Aerospace Section
Antitrust Division | United States Department of Justice
Tel: 202-307-0922 | Mobile: 202-476-0251

This communication and any attachments may be privileged or confidential. If you are not the intended recipient, you have received this in error and any review, distribution or copying of this communication is strictly prohibited. In such an event, please notify us immediately by reply email or by phone (collect at 212-848-4000) and immediately delete this message and all attachments.