IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>        v.<br><br>BOOZ ALLEN HAMILTON HOLDING CORP., *et al.*,<br><br>    Defendants. | Civil No.: 1:22-cv-01603-CCB<br>**(REDACTED VERSION)**[1] |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS'
MOTION FOR PROTECTIVE ORDER AND SANCTIONS**

The EverWatch Defendants[2] filed a frivolous motion seeking sanctions and a protective order. Their motion—which failed to cite or otherwise bring to the court's attention the relevant provisions of the Antitrust Civil Process Act—contends that the statutorily-authorized and regular practice of the Department of Justice Antitrust Division amounts to sanctionable behavior. The EverWatch Defendants' motion—which spends pages on the substance of the case rather than the supposed narrow gist of their (incorrect) motion claims around the confidentiality of two documents that are unhelpful to the Defendants—ignores the relevant law, cites to irrelevant precedents, is substantively and procedurally improper, and mischaracterizes the facts. It should be denied.

---

[1] This Memorandum in Opposition is being publicly filed and has been redacted to remove sensitive information. A motion to seal the unredacted Memorandum in Opposition will be filed separately; the unredacted Memorandum in Opposition will be filed as an attachment to that motion and will be filed under seal.

[2] The "EverWatch Defendants" include EverWatch Corporation, EC Defense Holdings, LLC, and Analysis, Computing & Engineering Solutions, Inc.

1

On July 8, 2022, the United States filed a motion for a preliminary injunction requesting that Defendants' Merger Agreement[3] be abrogated and enjoined to stop immediate and ongoing anticompetitive harm. ECF No. 29. As part of that motion, the Department of Justice attached several exhibits demonstrating the harm to the competitive process from the Merger Agreement. Some of those exhibits were filed publicly with redactions; others were filed under seal altogether.

Two of those exhibits are at issue in the underlying motion. ECF Nos. 35-2 & 35-3. These exhibits were obtained from EverWatch by the Department of Justice pursuant to a Civil Investigative Demand ("CID"). *See* 15 U.S.C.A. § 1312. Through their motion, the EverWatch Defendants now attempt to keep these two documents (and the unhelpful facts they represent) from the public by arguing that the public filing of the documents by the Department of Justice violates 15 U.S.C.A. § 1313(c)(3).[4]

They are wrong for a very simple reason: Congress has authorized the Department of Justice to use CID materials in precisely the manner they have been used here. The very confidentiality provision to which the EverWatch Defendants cite also contains—indeed, it starts with—a provision that they ignore about an exception to its application. *See* 15 U.S.C. § 1313(c)(3) ("except as otherwise provided in this section"). Another paragraph in the same section specifically permits the Antitrust Division to use documents obtained via CID in court proceedings. *See* 15 U.S.C. § 1313(d)(1). In other words, the statute specifically permits what the United States did here—use CID materials in court proceedings—and does not place any

---

[3] Capitalized terms not defined herein have the meaning specified in the Complaint.

[4] Nowhere in its motion does EverWatch justify its *ipse dixit* claim that these documents actually constitute confidential business information under relevant sealing standards. They plainly do not.

restrictions on how it may do so.

The EverWatch Defendants' failure to acknowledge or properly analyze the relevant statutory provisions should dispose of their motion. But the motion fails for other reasons, too. Their motion relies on inapposite cases (none of the cited cases involve Department of Justice attorney action under § 1313(d)(1) or filing documents in court by the United States). Their motion also does not explain their need for a protective order, or how any of the material at issue might be commercially sensitive. Their motion also fails to abide by the "safe harbor" provided for in Federal Rule of Civil Procedure 11 or meet the substantive test for Rule 11 or inherent authority sanctions. Finally, their motion makes several factually inaccurate statements that are entirely irrelevant to the issues raised in the motion—including the false statement that the Department of Justice "encouraged" EverWatch to proceed with any remedy.

Accordingly, the EverWatch Defendants' motion should be denied in its entirety.

## BACKGROUND[5]

Booz Allen and EverWatch are the only two plausible bidders for an important NSA contract. The Merger Agreement between the two companies creates ongoing harm to competition. On July 8, 2022, the United States filed its Emergency Motion for a Preliminary Injunction to abrogate the Merger Agreement. Attached to the United States' motion were ten exhibits filed under seal, and four exhibits filed publicly with redactions. *See* ECF No. 29. Among the documents publicly filed with redactions were Exhibits B and C,[6] which were emails

---

[5] Plaintiff United States disagrees with all of the EverWatch Defendants' legal and factual arguments related to the merits of the case, but does not address those in this response as they are irrelevant to the motions at hand.

[6] For simplicity, Exhibit B (ECF No. 29-4) is attached hereto as Exhibit B, and Exhibit C (ECF No. 29-5) is attached hereto as Exhibit C.

produced by EverWatch to the Department of Justice in response to the Civil Investigative Demand. ECF Nos. 29-4 & 29-5.[7]

On the evening of Friday, July 8, counsel for the EverWatch Defendants emailed the Department of Justice, requesting that ███████████████████████████████████████████████████████████████████████████████ Ex. A, Email from A. Rathbun to K. Quin (July 8, 2022 7:50PM). In response, the Department of Justice asked "why EverWatch believes CID material must be removed from the docket" given that applicable law authorizes the Department of Justice Antitrust Division "to use CID material in connection with any court case." Ex. A, Email from K. Quin to A. Rathbun (July 8, 2022, 8:46PM) (citing 15 U.S.C. § 1313(d)(1)). EverWatch's counsel also objected to the public filing of materials produced pursuant to a Civil Investigative Demand ███████████████████████████████ Ex. A, Email from A. Rathbun to K. Quin (July 8, 2022, 9:03PM). Counsel for the EverWatch Defendants wrote, approximately ten minutes later, that ███████████████████████████████████████████████████████████ Ex. A, Email from A. Reeves to K. Quin (July 8, 2022, 9:14PM). Plaintiff's counsel then offered a phone call to address the EverWatch Defendants' concerns. Ex. A, Email from K. Quin to A. Reeves (July 8, 2022, 9:29PM). Counsel met and conferred at approximately 9:45 p.m. that night. *See* Ex. A, Email

---

[7] The EverWatch Defendants claim that the United States falsely represented that it had served unsealed copies on Defendants via email. (EverWatch Br. 9 n.5, ECF No. 39-1.) In the United States' memorandum of law in support of its emergency motion for a preliminary injunction, the United States represented to the Court: "The United States will provide these exhibits to Defendants upon entry of a protective order providing for Attorneys' Eyes Only designations. The parties are meeting and conferring regarding a stipulated proposed protective order." ECF No. 29, at 1 n.2. Since no protective order has yet been entered in this case, on July 9, the United States sought Defendants' and third parties' permission to disclose the unredacted and sealed materials on an outside-counsel's eyes-only basis. All non-party materials filed under seal were provided on this basis by July 10, and all party materials filed under seal were provided on this basis by July 12. Decl. of K. Quin ¶ 18.

from A. Rathbun to K. Quin (July 8, 2022, 10:40PM).  At no point during those discussions, or at any time thereafter, has EverWatch explained which portions of Exhibits B and C contain confidential business information.  Decl. of K. Quin ¶ 17.

The following day, Saturday, July 9, 2022, the Department of Justice wrote to the EverWatch Defendants that "15 U.S.C. § 1313(d)(1) permits the United States to file CID materials with the court."  Ex. A, Email from K Quin to A. Rathbun (July 9, 2022, 12:35PM).  EverWatch's counsel did not respond to this email, but instead filed the instant motion on July 11, 2022.

## ARGUMENT

### I. The United States is Authorized to Publicly File Information Obtained through Civil Investigative Demands in Court Proceedings

The EverWatch Defendants make the extraordinary and far-reaching claim that the United States is not permitted to publicly file materials that EverWatch produced pursuant to a Civil Investigation Demand.  Their position defies the plain text of the governing statute as well as long-standing Department of Justice policy and practice.

The public filing by the United States of the documents at issue here is expressly contemplated and authorized by the relevant antitrust statutes.  Under the Antitrust Civil Process Act, 15 U.S.C. § 1313(d)(1), "[w]henever any attorney of the Department of Justice has been designated to appear before any court . . . in any case or proceeding, the custodian of any documentary material . . . may deliver to such attorney such material . . . for official use in connection with any such case, grand jury, or proceeding as such attorney determines to be required."  Another part of the *same section* of the U.S. code provides certain confidentiality protections for materials produced pursuant to a Civil Investigative Demand; however, those protections are qualified by the words "[e]xcept as otherwise provided in this section."  15

U.S.C. § 1313(c)(3). In other words, the disclosure permission provided under 15 U.S.C. § 1313(d)(1) falls within the same section of the U.S. code as 15 U.S.C. § 1313(c)(3), and thus clearly authorizes the disclosures in this case.

The EverWatch Defendants fail to acknowledge both that (i) the confidentiality protection they rely on has exceptions and (ii) those exceptions apply to this situation—even though the Department of Justice identified these statutory provisions to them on July 8 and July 9.

The public filing of this material is also entirely consistent with Department of Justice policy and practice. The EverWatch Defendants selectively quote a section of the Antitrust Division Manual, but the Manual itself makes clear that it "is not intended to, does not, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any matter civil or criminal."[8] Ex. L.

Here—entirely consistent with the law—the Department of Justice publicly filed its motion for preliminary injunction and accompanying exhibits with redactions. There was *no* agreement between the Department of Justice and the EverWatch Defendants concerning notice prior to the public filing of documents obtained pursuant to a Civil Investigative Demand. *See infra* pp. 12-13. EverWatch's counsel unilaterally including a Freedom of Information Act disclaimer on the cover letter accompanying the production does not constitute an agreement. And, in fact, the United States routinely includes material provided to it pursuant to a CID in its public filings. *See, e.g.*, Complaint, *United States v. U.S. Sugar Corp.*, 2021 WL 7448197 (D.

---

[8] In any event, the EverWatch Defendants' motion fails once again to provide a complete citation to the Court. *See* EverWatch Br. at 11. The Manual's treatment of CID confidentiality includes the caveat: "the Division will not agree to refrain from disclosing CID material in a judicial or administrative proceeding," ECF No. 39-14, Defs' Ex. 11, which places defendants and others on notice as to how these materials may be used.

Del. Nov. 23, 2021) (No. 1:21C01644); Complaint, *United States v. Bazaarvoice, Inc.*, 2013 WL 127168 (N.D. Cal. Jan. 10, 2013) (No. C13 0133 JSC); Complaint, *United States v. UnitedHealth Group, Inc.*, No. 1:22-cv-00481 (D.D.C. Feb. 24, 2022); Complaint, *United States v. Google, LLC*, No. 1:20-cv-03010 (D.D.C. Oct. 10, 2020); Complaint, *United States v. American Airlines Group, Inc.*, No. 1:21-cv-11558 (D. Mass. Sept. 21, 2021).[9]

None of the cases cited by the EverWatch Defendants suggest otherwise. Rather, the cited cases involve disclosure under protective orders, work product privilege, or non-party discovery—none of which are at issue here. *See* EverWatch Br. at 10-11.[10]

## II. The EverWatch Defendants' Motion for a Protective Order Should Be Denied

Notably absent from the EverWatch Defendants' brief is any discussion as to *why* these particular documents merit any protection.[11] That is because they do not.

This Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. Pr. 26(c)(1) (emphasis added); *see also Columbia Gas Transmission, LLC v. 252.071 Acres*, No. ELH-15-3462, 2016 U.S. Dist. LEXIS 169639, at *6 (D. Md. Dec. 8, 2016) ("Where a protective order is

---

[9] Some of these cases involved the same law firm that filed the motion for sanctions, so the custom and authority for citing this material should not be a surprise.

[10] *See, e.g.*, *GAF Corp. v. Eastman Kodak Co.*, 85 F.R.D. 46, 52 (S.D.N.Y. 1979) (disclosure of protected work product produced pursuant to a CID did not waive that privilege); *United States v. Alex. Brown & Sons, Inc.*, 169 F.R.D. 532, 543 n.5 (S.D.N.Y. 1996) (disclosure in response to civil discovery requests at issue, not the filing of CID materials in court); *United States v. AT&T, Inc.*, 310 F. Supp. 3d 161, 185 (D.D.C. 2018) (same).

[11] Moreover, the EverWatch Defendants' proposed order goes far beyond the specific documents at issue. For example, the proposed order would require the United States to apply the Antitrust Civil Process Act to documents produced by any Defendant pursuant to the Hart-Scott-Rodino Antitrust Improvements Act, 15 U.S.C. § 18 (the "HSR Act"). The EverWatch Defendants have failed to provide *any* explanation or justification for changing the applicable statute from the HSR Act to the Antitrust Civil Process Act.

7

sought, the moving party bears the burden of establishing good cause."). To show good cause, "the movant 'must present a "particular and specific demonstration of fact" as to why a protective order should issue.'" *Webb v. Green Tree Servicing LLC*, 283 F.R.D. 276, 279 (D. Md. 2012).

The EverWatch Defendants have not met this "rather high hurdle for the moving party." *Id.* EverWatch argues, without any supporting case law, that a protective order is warranted because of the Department of Justice's "disregard for the Antitrust Civil Process Act, and its apparent inability to correct a filing issue in a timely manner." EverWatch Br. at 12-13. As discussed above, the Department of Justice was authorized and well within its discretion to publicly file those two exhibits, under the law and Department policy and practice.

EverWatch fails to provide any explanation as to how Exhibits B and C contain any confidential commercially sensitive material or trade secrets that would justify a protective order against the disclosure of this kind of material. Both emails are *communications with non-parties*—not internal EverWatch correspondence. One of the emails at issue explicitly refers to potential efforts between Booz Allen and EverWatch to ▓▓▓▓ the contract to ▓▓▓▓ and taking that discussion ▓▓▓▓.[12] (Ex. C). The other exhibit at issue, from March 2022, is an email from an EverWatch manager telling a subcontracting teammate to ▓▓▓▓ given the announcement of the merger. (Ex. B). Although one could surmise why the EverWatch Defendants would like to keep these from public view, it is patently clear from the face of these documents that there is no confidential business information that could harm EverWatch's

---

[12] Indeed, the June 3 letter from EverWatch's counsel expressly considers whether ▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓" (Ex. D).

competitive standing.[13]  Embarrassment to EverWatch is not a basis to exclude materials that otherwise do not contain confidential business secrets.

Indeed, as the EverWatch Defendants state in their accompanying motion to seal, this Court has made clear such "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing." *Webb*, 283 F.R.D. at 279.

Accordingly, EverWatch's argument that this Court must issue a protective order is of no moment and this Court should deny its motion on this ground.[14]

### III. The EverWatch Defendants' Motion for Sanctions Should be Denied in its Entirety

The EverWatch Defendants' motion for sanctions is substantively wrong and

---

[13] The United States filed under seal *ten* exhibits that arguably included competitively sensitive material.  The two at issue in the EverWatch Defendants' motion clearly do not.

[14]  The EverWatch Defendants' proposed order requests that this Court require the United States to "request that the Clerk immediately remove Plaintiff's Motion for a Preliminary Injunction and Exhibit B and Exhibit C." *See* Def.'s Proposed Ord. at 2 (ECF No. 39-2).  This would, in effect, require the United States to file Exhibits B and C under seal and redact additional material from the Memorandum in Support of Plaintiffs Emergency Motion for a Preliminary Injunction.  The District of Maryland local rules require that any sealing motion include "(a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection." D. Md. L. R. 105. 11.  The EverWatch Defendants have neither provided specific factual representations to justify the sealing of these documents nor have they provided any alternatives to sealing.

Further, the EverWatch Defendants' request would not satisfy the applicable First Amendment standard used to determine whether there is a public right to access the information from Exhibits B and C.  *Allstate Ins. Co. v. Warns*, No. CCB-11-1846, 2012 U.S. Dist. LEXIS 26174, at *49 (D. Mr. Feb. 29, 2012) (applying the First Amendment standard to preliminary injunctions).  This Court will only seal in such circumstances if there is a "compelling governmental interest" and only after concluding that sealing is "narrowly tailored to serve that interest." *Id.* at *48.  And even if Exhibits B and C were only subject to the common law presumption that the public has a right to access such judicial documents, Defendants have not met their "burden of showing some significant interest that outweighs the presumption." *Id.* (quoting *Rushford v. New Yorker Magazine, Inc.,* 846 F.2d 249 253 (4th Cir. 1988)).  EverWatch has not provided any such compelling reason or significant interest that would overcome the public's right to access Exhibits B and C.

9

procedurally improper under either Federal Rule of Civil Procedure 11 or the "inherent power" of the Court to impose sanctions. *See* Fed. R. Civ. P. 11(b)-(c); *United States v. Shaffer Equip Co.*, 11 F.3d 450, 458 (4th Cir. 1993).

### A. There is No Substantive Legal Basis for Sanctions

There is no substantive legal basis for the EverWatch Defendants' motion for sanctions. As discussed above, the United States was authorized under the law to publicly file Exhibits B and C, and the United States' decision was consistent with Department of Justice policy and practice. *Supra* pp. 5-7.

Separately, the EverWatch Defendants also claim that the United States has "misrepresented" or "mischaracterized" EverWatch's side agreement with ▬▬▬▬ by alleging, among other things, that EverWatch's proposal was "a transparent attempt to evade antitrust scrutiny" and that it was a "shell game." EverWatch Br. at 8. But despite spending four pages of their brief on this, the EverWatch Defendants notably do not contend that these "misrepresentations" or "mischaracterizations" are sanctionable. *See* EverWatch Br. 5-8.

Nor could they. In fact, it is the EverWatch Defendants who mischaracterize the circumstances around the side agreement. The United States took no actions "encouraging" the EverWatch Defendants to replace a subcontractor and, as explained below, informed the EverWatch Defendants that such a side agreement was unlikely to restore the competition that will be lost as a result of the Merger Agreement. The EverWatch Defendants nevertheless subsequently took affirmative steps to put their proposed side agreement into place. It was these affirmative steps, taken with the full knowledge that the United States did not support the purported "remedy," that gave rise to the United States' continuing concern that the EverWatch Defendants are attempting to evade antitrust scrutiny of their proposed transaction

10

1. *EverWatch and* ▆▆▆▆ *Enter into an Agreement Under Which* ▆▆▆▆  
   *Would Assume the Prime Contracting Role*

Booz Allen and EverWatch are the only two plausible bidders for an important NSA contract. Thus, the prospect of the merger of those two companies presented an obvious antitrust problem.

In the course of the discussions regarding that antitrust problem, the Department of Justice spoke with Defendants' counsel on June 2, 2022. On that call, counsel for EverWatch asked whether the Department of Justice's concerns regarding the proposed merger could be remedied by replacing EverWatch with a subcontractor. Decl. of K. Quin ¶ 4. EverWatch's counsel did not provide further details, such as who that subcontractor might be. *Id.* The Department of Justice requested additional information about this proposed solution, but did not, in any way, indicate or represent that the replacement of EverWatch with another subcontractor would alleviate the Department of Justice's concerns about the harm to OPTIMAL DECISION. *Id.* ¶ 5. Rather, the Department of Justice indicated that such a proposal appeared to be more akin to "rearranging the chairs" and appeared unlikely to restore the incentives for full-throated competition. *Id*.

The very next day, without any further discussions with the Department of Justice and without providing additional information, EverWatch entered into such an agreement with ▆▆▆▆ . *Id.* ¶ 6. On June 3, 2022, EverWatch's counsel submitted a letter to the Department of Justice that ▆▆▆▆ and stating that ▆▆▆▆ Ex. D (June 3, 2022 Ltr. from EverWatch.) EverWatch's counsel also noted: "▆▆▆▆

███████████████████████" *Id.*

In response to EverWatch's June 3 letter indicating that this switch had already occurred, the Department of Justice responded with two questions: "First, have EverWatch and ██████ agreed that ████████ will take over the prime role, and if so, is there documentation of that agreement? Second, has ████████ already assumed that role?"[15] Ex. E (June 3, 2022 Email from K. Quin to A. Reeves.) Counsel for EverWatch replied on June 4, confirming that ██ ████████████████████████████████████████████████████████████████████████████ ████████ Ex. E (June 4, 2022 Email from A. Reeves.)

The Memorandum of Understanding between EverWatch and ████████ was signed and executed on Sunday, June 5—*after* the Department of Justice made that inquiry. Ex. F, ██ ██ Dep. Tr. at 71:5-8. Counsel for the EverWatch Defendants provided the Memorandum of Understanding on June 6, 2022. Ex. G (Memorandum of Understanding).

The Department of Justice spoke with Defendants' counsel again the next day, on June 7, 2022. Decl. of K. Quin ¶ 9. On that telephone call, the Department of Justice stated that this subcontracting arrangement would not address its concerns regarding the anticompetitive harm of the Merger Agreement on the OPTIMAL DECISION contract. *Id*.

Subsequently, the Department of Justice learned through its deposition of a ████████ executive that the Memorandum of Understanding was completely revocable by EverWatch, and that if EverWatch decided to remain as prime contractor, it could. Ex. F, ████████ Dep. Tr. at 78:3-18; 83:6-84:17.

On June 13, 2022, the Department of Justice wrote to EverWatch's counsel requesting

---

[15] The EverWatch Defendants have quoted this portion of the email exchange but have filed the full exchange under seal. *See* EverWatch Br. at 6; ECF No. 40.

confirmation as to whether "EverWatch regards the MOU with ▮▮▮ as revocable, and that it does not intend to sign a subcontracting agreement with ▮▮▮ before notifying us," and noting that the Department of Justice was "quite concerned that [the subcontracting arrangement] is imminent and that it poses a risk of irreparable injury to the customer." *See* Ex. H.

2. *EverWatch Produces Documents in Response to the Department of Justice's Civil Investigative Demand*

On June 14, 2022, the Department of Justice opened a new preliminary investigation into the agreement between ▮▮▮ and EverWatch as a potential illegal restraint of trade in violation of Section 1 of the Sherman Act. Decl. of K. Quin ¶ 12. On June 17, the Department of Justice issued a Civil Investigative Demand to EverWatch requesting certain documents. *See* Ex. I.

On June 27, 2022, EverWatch produced documents in response to the Civil Investigative Demand. *EverWatch's counsel did not discuss confidentiality protections with the Department of Justice prior to producing the documents*; nor did EverWatch and the Department of Justice enter into any *agreement* regarding the confidentiality of those documents. Decl. of K. Quin ¶ 14. Nevertheless, EverWatch unilaterally designated every single document in its production—including communications with non-parties and documents that, on their face, did not contain any confidential business information—as "HIGHLY CONFIDENTIAL" and included a disclaimer in its letter, requesting confidential treatment under the Freedom of Information Act:



Ex. J. The Department of Justice did not make any such "assurance" to EverWatch. *See* Decl. of K. Quin ¶ 14.

### B. The Motion for Sanctions is Procedurally Deficient

Nor is the EverWatch Defendants' motion procedurally proper. Absent from their motion is any discussion of Federal Rule of Civil Procedure 11—only a reference to the "inherent powers" of the Court to issue sanctions. *See* EverWatch Br. at 14; *United States v. Shaffer Equip Co.*, 11 F.3d 450, 458 (4th Cir. 1993) ("Because the inherent power is not regulated by Congress or the people and is particularly subject to abuse, it must be exercised with the greatest restraint and caution, and then only to the extent necessary"). Rule 11 includes a "safe harbor" provision that requires a party moving for sanctions to serve the motion to the opposing party at least 21 days in advance of filing such a motion.[16] Fed. R. Civ. P. 11(c)(2). *See, e.g.*, *Rector v. Approved Federal Sav. Bank*, 265 F.3d 248, 251-52 (4th Cir. 2001) ("Several courts have termed the 'safe harbor' provision '*mandatory*' or an 'absolute requirement . . . [T]hese cases may stand for the proposition that the safe harbor provision is mandatory." (citations omitted)); *see also Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 152 (4th Cir. 2002) (same). As the Fourth Circuit has recognized, the safe harbor provision serves several important functions: to "reduce Rule 11's volume, formalize appropriate due process considerations of sanctions litigation, and diminish the rule's chilling effect" as well as increase "civility among attorneys." *Brickwood Contractors, Inc. v. Datanet Engineering, Inc.*, 369 F.3d

---

[16] Rule 11 also requires motions for sanctions to be made "separately from any other motion." Fed. R. Civ. P. 11(c)(2). Here, EverWatch Defendants combined their motion for sanctions with a motion for protective order in violation of this rule.

14

385, 397-98 (4th Cir. 2004).

The EverWatch Defendants ignored the safe harbor entirely. *See supra* pp. 3-4.[17] They did not serve their motion in advance of filing it. Rather, the only time that their counsel raised the possibility of moving for sanctions was an email sent at 9:14 p.m. on Friday, July 8: "Please respond to our email now and confirm you are removing the pleading asap. We reserve all of our rights. If you do not remove the pleading asap we will be filing for sanctions."[18] Ex. A. The United States promptly conferred with the EverWatch Defendants that night, and corresponded via email over the weekend. Decl. of K. Quin ¶ 16. Not once in any of those conversations did counsel for the EverWatch Defendants inform the United States that they would, in fact, be filing a sanctions motion or provide any details about the substance of such a motion. *Id.* ¶ 17.

In sum, the EverWatch Defendant's motion for sanctions is unwarranted, contrary to the law, and improper.

## CONCLUSION

Plaintiff United States of America requests that the Court deny the EverWatch Defendants' Emergency Motion for a Protective Order and Sanctions.

---

[17] So that the Court may focus on the ongoing harm to competition at the center of its Motion for a Preliminary Injunction, the United States will not cross-move for sanctions. Plaintiff notes, however, that the EverWatch Defendants' motion for sanctions may be in itself sanctionable conduct. *See* Fed. R. Civ. P. 11(c) advisory committee's note to the 1993 amendment ("[T]he filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions."); *see also Caldwell v. Caesar*, No. 98-1857 (GK), 2002 U.S. Dist. LEXIS 16897, at *9 (D.D.C. Sept. 6, 2002) ("The filing of an unjustified motion for sanctions can itself lead to the imposition of sanctions.").

[18] EverWatch's counsel also wrote on Sunday, July 10 that: "We reserve all rights with regard to the confidential material that the DOJ put on the public record without prior notice." Ex. K.

Dated this 12th day of July, 2022.

Respectfully submitted,

**FOR PLAINTIFF UNITED STATES OF AMERICA**:

        EREK L. BARRON
        United States Attorney

        _____/s/_____
        ARIANA WRIGHT ARNOLD
        USDC Md Bar No. 23000
        Assistant United States Attorney
        36 S. Charles Street, Fourth Floor
        Baltimore, Maryland 21201
        Telephone: 410-209-4813
        Facsimile: 410-962-2310
        Email: Ariana.Arnold@usdoj.gov


        KEVIN QUIN (special admission)
        JAY D. OWEN (special admission)
        ALEXANDER ANDRESIAN (pending special admission)
        ALEX COHEN (pending special admission)
        THOMAS GREENE (pending special admission)
        NATALIE HAYES (pending special admission)
        MIRANDA ISAACS (pending special admission)
        ARIANNA MARKEL (special admission)
        CATHERINE MONTEZUMA (pending special admission)
        BRYN WILLIAMS (special admission)
        Trial Attorneys
        United States Department of Justice
        Antitrust Division
        Defense, Industrials, and Aerospace Section
        450 Fifth Street N.W., Suite 8700
        Washington, DC 20530
        Telephone: (202) 476-0251
        Facsimile: (202) 514-9033
        Email: Kevin.Quin@usdoj.gov

# **CERTIFICATE OF SERVICE**

      I hereby certify that on July 12, 2022, I electronically filed the foregoing Plaintiff's Memorandum in Opposition to Defendants' EverWatch Corp., EC Defense Holding LLC, and Analysis, Computing & Engineering Solutions, Inc.'s Emergency Motion for Protective Order and Sanctions, and served, via electronic filing, counsel of record for all parties.

                                                 /s/
                                      ARIANA WRIGHT ARNOLD
                                      USDC Md Bar No. 23000
                                      Assistant United States Attorney
                                      36 S. Charles Street, Fourth Floor
                                      Baltimore, MD 21201
                                      Telephone: (410) 209-4813
                                      Facsimile: (410) 962-2310
                                      Email: Ariana.Arnold@usdoj.gov