

U.S. Department of Justice

Antitrust Division

*Liberty Square Building*
*450 Fifth Street, N.W.*
*Washington, DC 20530-0001*

July 15, 2022

The Honorable Catherine C. Blake
United States District Court
District of Maryland
Chambers 7D
Baltimore, MD 21201

      **Re:    United States Proposal for a Preliminary Injunction Hearing Schedule**

Dear Judge Blake:

      The United States submits this letter brief outlining its proposed schedule for a preliminary injunction hearing to be held on or around September 16, 2022, followed by an expedited trial on the merits in January, 2023.

      For reasons explained more fully in the United States' Reply to Defendants' Opposition to Expedited Briefing and Scheduling, the September trial on the merits proposed by Defendants is unrealistic and would be highly prejudicial to the United States. In particular, a trial on the merits in mid-September would force the United States to try its Section 1 *and* Section 7 causes of action with only one month of fact discovery. The United States anticipates that extensive and expedited non-party discovery will be necessary for a full trial. For instance, Defendants have suggested that there may be dozens of third-parties relevant to the Government's challenge of Defendants' merger. *See* EverWatch's Motion for Protective Order, ECF No. 39-1 at 3-4.[1] Defendants' schedule does it allow time for those third-party witnesses to testify or for the Parties' experts to synthesize that evidence and develop informative expert reports. These concerns are not as sharp in the preliminary injunction context, where evidentiary standards are necessarily relaxed.[2]

---

[1] While the United States disagrees with these numbers, it is relevant to Defendants' perception as to the scope of third-party discovery. Notably, none of this discovery is necessary for the preliminary injunction hearing.

[2] *See, e.g.* St. Michael's Media, Inc. v. Mayor & City Council of Baltimore, 566 F. Supp. 3d 327, 352-53 (D. Md. 2021), aff'd, No. 21-2158, 2021 WL 6502219 (4th Cir. Nov. 3, 2021), and aff'd, No. 21-2206, 2021 WL 6502220 (4th Cir. Nov. 13, 2021) (explaining the evidentiary standards for expert testimony at a PI hearing and noting that "[b]ecause preliminary injunction proceedings are informal ones designed to prevent irreparable harm before a later trial governed by the full rigor of usual evidentiary standards, district courts may look to, and indeed in appropriate circumstances rely on, hearsay or other inadmissible evidence when deciding whether a preliminary injunction is warranted.").

Although the United States would prefer that the preliminary injunction hearing be held in August, in the interest of compromise and mindful of the constraints on the Court's schedule, the United States proposes a one-day preliminary injunction hearing on September 16, 2022, followed by a trial on the merits in January 2023. The United States further proposes a series of reasonable discovery limits tailored to the needs of each stage of litigation.[3]

The details of both proposals are below.[4]

### I. Proposed PI Hearing Schedule:

| Event | Date |
|---|---|
| PI Fact discovery begins (limit 15 RFP, 5 Interrogatories per side) | Upon entry of a Case Management Order |
| Parties produce Investigation Materials | No later than 5 business days after the entry of a Protective Order |
| Answers to Complaint due | July 22 |
| Parties exchange initial witness lists for Preliminary Injunction Hearing (limit 4 per side, excluding experts) | July 29 |
| Disclosure of expert identities and subject matter (limit 2 per side) | August 5 |
| Close of targeted fact discovery for Preliminary Injunction Hearing (limit 7 depositions per side) | August 22 |
| Expert affidavits filed (limit 2 per side) | August 26 |
| Close of targeted expert discovery for Preliminary Injunction Hearing | September 2 |
| Parties exchange final hearing witness lists (limit 4 per side, excluding experts; no more than 1 witness not identified on preliminary list)[5] | September 2 |

---

[3] In the interest of compromise, the United States has expanded the number of allowable RFPs, Interrogatories, depositions, and exhibits, from the numbers offered in its original proposal to Defendants.

[4] If, however, the Court is inclined to consolidate the preliminary injunction hearing with a full trial on the merits in September, the DOJ requests the opportunity to meet-and-confer with Defendants and submit a joint proposed scheduling and case management order, detailing areas of disagreement between the parties by July 22.

[5] Any newly disclosed witness must be made available for deposition no later than September 7.

| | |
|---|---|
| Parties exchange exhibit lists (limit 30 documents) and opening deposition designations for Preliminary Injunction Hearing.[6] | September 7 |
| Each side exchanges its objections to the other side's exhibits and opening deposition designations and its deposition counter-designations. | September 9 |
| Each side exchanges its objections to the other side's deposition counter-designations and its counter-counter-designations.[7] | September 12 |
| Parties submit witness lists, exhibit lists, and exhibits for Preliminary Injunction Hearing to Court | September 13 |
| Preliminary Injunction Hearing | September 16 |

II. **Proposed Trial Schedule:**

| Event | Date |
|---|---|
| Fact discovery begins | September 19 |
| Parties exchange initial witness lists for trial (limit 15 per side, excluding experts)[8] | October 7 |
| Disclosure of expert identities and subject matter (limit 3 per side) | October 14 |
| Close of fact discovery for trial (limit 20 depositions per side) | November 11 |
| Each side exchanges final trial witness lists (limit 10 per side, excluding experts; no more than 3 witness not identified on preliminary list) | November 14 |
| Expert reports filed | November 18 |
| Rebuttal expert reports | November 28 |

---

[6] On this date Each Party informs each non-party of all documents produced by that non-party that are on that Party's exhibit list and all depositions of that non-party that have been designated by any Party.

[7] On this date non-parties to provide notice whether they object to the potential public disclosure at the hearing of any non-party documents and depositions, explain the basis for any such objections, and propose redactions where possible; Parties also meet and confer regarding disputes about confidentiality of Party documents on trial exhibit lists.

[8] The United States has proposed what it believes are reasonable discovery limitations and interim deadlines for a January trial on the merits. Alternatively, the United States is willing to promptly meet-and-confer with Defendants following the Preliminary Injunction hearing and submit a proposed joint discovery order governing this phase of the litigation.

3

| Reply expert reports | December 5 |
|---|---|
| Each side exchanges initial exhibit lists (75 exhibits) and opening deposition designations | December 5 |
| Each party informs each non-party of all documents produced by that non-party that are on that party's exhibit list and all depositions of that non-party that have been designated by any party | December 5 |
| Each side exchanges its objections to the other side's exhibits (if necessary) and opening deposition designations and its deposition counter-designations | December 9 |
| Each side exchanges its objections to the other side's deposition counter-designations and its counter-counter-designations | December 12 |
| Non-parties provide notice whether they object to the potential public disclosure at trial of any non-party documents and depositions, explain the basis for any such objections, and propose redactions where possible | December 12 |
| Parties and non-parties meet and confer regarding confidentiality of non-party documents on trial exhibit lists and non-party depositions | December 16 |
| Close of expert discovery | December 16 |
| Motions *in Limine* to be filed | January 6 |
| Oppositions to motions *in Limine* to be filed | January 10 |
| Joint submissions regarding: - disputes about admissibility of trial exhibits and deposition designations; - disputes about confidentiality of party documents on trial exhibit lists to be filed; - disputes about confidentiality of each non-party's documents on trial exhibit lists and non-party depositions to be filed. | January 13 |
| Final pretrial conference | January 23 (50 hours total trial time; 25 hours each side) |
| Trial | As soon as practicable after January 23 on a schedule to be determined by the Court |
| Proposed Findings of Fact and Conclusions of Law | Filed on a schedule to be determined by the Court |

### III.   Anticipated Areas of Disagreement

Having met and conferred with Defendants, the United States anticipates that Defendants will submit a proposed schedule for a combined preliminary injunction and

trial on the merits in September. As described more fully in the United States' Reply to Defendants' Opposition to Expedited Briefing and Scheduling, the United States objects to a consolidated preliminary injunction and trial on the merits. The United States also anticipates that Defendants will include several proposals that are unworkable and/or that would prejudice the United States. These include, but are not limited to:

### a. Timing of Expert Affidavits/Reports

The United States anticipates that Defendants' proposal would have the United States submit expert reports prior to the close of fact discovery and would allow Defendants to provide expert reports with no rebuttal, in the form of reply reports. By eliminating expert reply reports, Defendants would eliminate the ability of the United States to submit expert critique or economic analysis of the Defendants' experts on some of the central issues in this case, such as market definition and harm.

Economic expert testimony is particularly important in antitrust litigation, and to create a fair and complete record of expert discovery for the purposes of a trial on the merits, it is imperative that each side's expert be permitted to review, analyze, replicate, and critique the full range of evidence uncovered in fact discovery and the economic work offered by the other side's expert. By checking the data and methodology of the opposing economic expert – running the same and similar regressions, substituting variables, reviewing data selection – significant methodological flaws in that expert's reasoning can be uncovered and communicated to the Court.

Allowing Defendants' key experts' methodologies to go unanalyzed and unchallenged by the opposing expert is particularly unfair in the context proposed by Defendants – where their experts on those key topics will be afforded the chance to analyze, critique, and otherwise undermine the United States' expert witnesses.

Given the truncated schedule for the PI hearing, it is unrealistic to expect a full round of expert briefing to follow fact discovery. In this context, the simultaneous exchange of expert affidavits is the most efficient and fair way to develop and preview the expert testimony that will be presented at the hearing. Both parties will have the opportunity to test the other party's expert affidavits through deposition and cross-examination during the hearing. Full expert reports, reply reports, and rebuttal reports can be developed for the trial on the merits.

### b. Motions i*n Limine*

Motions *in Limine* are an unnecessary burden in a preliminary injunction hearing, where evidentiary standards are relaxed and where the judge is a fact-finder. *See* n.1. This is especially true given our truncated schedule and the limited time available for substantive discovery, expert work, and hearing preparation. Rather than wasting time and resources on pre-hearing motions *in Limine*, the Court can exclude inappropriate evidence during the hearing, or it can choose to disregard such evidence in its ruling following that hearing.[9]

---

[9] If the Court were inclined to hold an expedited bench trial on the merits in September (which it should not), motions in *Limine* are similarly burdensome.

### c. Closing of the Proposed Merger

Under the Hart-Scott-Rodino Act, Defendants cannot legally close their transaction until 30 days after they comply with information requests that were issued by the Department of Justice. *See* 15 U.S.C. § 18a; 16 CFR §§ 803.6 & 803.20. Defendants have not complied, and thus, they are unable to close the transaction at this time.

The United States anticipates that Defendants will argue that they should be permitted to close prior to a trial on the merits if the United States is not successful in its motion for a preliminary injunction. Not only is this contrary to law, but were Defendants to close their merger prior to the complete resolution of this action, there would be no incentive for Defendants to compete for the Optimal Decision contract and there would be nothing stopping Defendants from pulling one of the two bids. Moreover, were the United States to succeed at trial, unwinding a consummated merger or reconstituting a competitive bid would be incredibly burdensome for the Court, the United States, and the Defendants. Defendants should not be permitted to close.

**********

For the foregoing reasons, the United States respectfully requests that the Court Order a proposed schedule for a preliminary injunction hearing to be held on or around September 16, 2022, followed by an expedited trial on the merits in January, 2023.

Sincerely,

/s/
JAY D. OWEN
Trial Attorney
United States Department of Justice
Antitrust Division
Defense, Industrials, and Aerospace Section
450 Fifth Street N.W., Suite 8700
Washington, DC 20530

# CERTIFICATE OF SERVICE

      I hereby certify that on July 15, 2022, I electronically filed the foregoing Letter Breif, and served, via electronic filing, counsel of record for all parties.

                              /s/
                         JAY D. OWEN (special admission)
                         Trial Attorney
                         United States Department of Justice
                         Antitrust Division
                         Defense, Industrials, and Aerospace Section
                         450 Fifth Street N.W., Suite 8700
                         Washington, DC 20530
                         Telephone: (202) 476-0248
                         Facsimile: (202) 514-9033
                         Email: Jay.Owen@usdoj.gov