SHEARMAN & STERLING
401 9th Street, NW
Washington, D.C. 20004-2128
+1.202.508.8000

LATHAM & WATKINS LLP
555 11th Street NW, Suite 1000
Washington, DC 20004
+1.202.637.2200

August 4, 2022

**VIA ECF FILING**

The Honorable Catherine C. Blake
United States District Court for the District of Maryland
101 W. Lombard St.
Baltimore, Maryland 21201

Re: *United States v. Booz Allen Hamilton Holding Corp.*, No. 1:22-cv-01603-CCB
**Letter brief regarding Preliminary Injunction Hearing Scheduling and Management Order**

Dear Judge Blake:

  The Government's motion for a preliminary injunction seeks the extraordinary and unprecedented remedy of abrogating a $440 million agreement, and yet the Government asks this Court to issue a Case Management Order that would result in a superficial proceeding disproportionate to the magnitude of the remedy sought.  Defendants' alternative Case Management Order is designed to ensure Defendants are not prejudiced in their ability to prepare for and rebut the Government's motion for a preliminary injunction.

  Defendants Booz Allen Hamilton Holding Corp., Booz Allen Hamilton Inc., EverWatch Corp., EC Defense Holdings, LLC, and Analysis, Computing & Engineering Solutions, Inc. (collectively, "Defendants") respectfully request that the Court enter its recommendations found in the proposed Case management Order ("CMO") attached as Exhibit A.

  In accordance with Rule 26(f) of the Federal Rules of Civil Procedure and Appendix A and Guideline 1 of the United States District Court for the District of Maryland Local Rules, Defendants met and conferred with the Government several times but could not reach agreement in several key areas.  The areas of disagreement all have a single theme: limiting Defendants' ability to put on a defense and stacking the deck to allow the Government to win full relief on its claims while attempting to minimize its burden of proof on the merits.

  Defendants' goals through this CMO are two-fold: (1) to have a level playing field to ensure both parties are afforded their rights and protections under the Federal Rules; and (2) to have an opportunity to present its defense to the Court within reasonable parameters.

1. **Experts**

   - **Defendants' Proposal**:  Traditional approach, with plaintiff proceeding first, followed by a response by defendants; no pre-determined page limit.
   - **Government's Proposal**:  Simultaneous expert "declarations" limited to 25 pages.

  From day one, the Government's *only* proposal has been for the parties to submit "simultaneous expert declarations."  It appears that DOJ expects Defendants to blindly respond to

SHEARMAN & STERLING
401 9th Street, NW
Washington, D.C. 20004-2128
+1.202.508.8000

LATHAM & WATKINS LLP
555 11th Street NW, Suite 1000
Washington, DC 20004
+1.202.637.2200

expert opinions they have never previously seen and that the Government has not disclosed.  As the party with the burden of proof, however, the Government is required to disclose its expert opinions first so that the Defendants' experts know what opinions they may be opposing.  Basic due process requires no less.

In opposing Defendants' request for staggered expert reports, the Government argued that Defendants "will have ample opportunity to examine the [Government's] claims in both an expert declaration and during the preliminary injunction hearing," and that the Government "will have exactly the same rights with respect to Defendants' expert." Exhibit B.  Such a position misses the point.  The Government has the burden of proof and simultaneous expert reports would prejudice Defendants' right to assess the Government's claims and theories **before** having to respond to them.  Indeed, given the Government's novel theories in this case, it is far from clear what the Government expert's actual opinions will be, or on what subjects.  Forcing the Defendants to issue expert reports simultaneously requires Defendants' experts to take the proverbial shot-in-the-dark.  That procedure would be profoundly unfair and will not facilitate a well-informed decision on the merits of the dispute.  Defendants are entitled to test the Government experts' novel theories with a thoughtful response.  The Government's response to date has been that it would not be fair if the Government did not get a chance to respond to Defendants' report.  This argument is a red herring for two main reasons: (1) the Government does not have a chance to respond if the reports are simultaneous; and (2) Defendants have offered the Government a short rebuttal expert report.

Additionally, for weeks the Government stood firm on arbitrary page limits for the expert reports.  First their offer was 8 single-spaced pages, then 10 single spaced pages, and now it has evolved to 25 *double*-spaced pages (so, more like 12 pages).  These proposals are both completely random and premature, and an attempt to limit Defendants' ability to respond.  Although Defendants will endeavor to be direct and succinct in their expert report(s), it is difficult to predict any report's length without meaningful knowledge regarding the Government's novel economic theories.  Moreover, as Defendants repeatedly explained during the meet and confer process, the accelerated timeline of this proceeding necessarily limits the length of any report.  In a case in which the Government seeks to abrogate a $440 million transaction, the Government's attempts to place an artificial limit on expert discovery are telling; it seeks to prevent Defendants and this Court from adequately testing its theories.

2. **Witnesses**

- **Defendants' Proposal**: Preliminary witness list limited to ten individuals; seven witnesses permitted for the final witness list; three modifications permitted for the final witness list.
- **Government's Proposal**: Preliminary and final witness lists limited to four individuals; one modification permitted for the final witness list.

Although discovery began less than two weeks ago, the Government's proposed CMO would limit Defendants' preliminary fact witness list to just four individuals between *both*

2

SHEARMAN & STERLING
401 9th Street, NW
Washington, D.C. 20004-2128
+1.202.508.8000

LATHAM&WATKINS LLP
555 11th Street NW, Suite 1000
Washington, DC 20004
+1.202.637.2200

Defendants. Additionally, the Government's proposal would limit the addition of any witness not included on the preliminary witness list to just a *single individual*. All before the parties—and third parties—begin materially producing documents.

Unlike the Government, Defendants did not have access to compulsory process during the four months prior to this lawsuit. Defendants have not received any productions from third parties to date, and despite serving initial requests for production just under two weeks ago, the Government has only produced eight documents as part of its rolling production to those requests. The Defendants have not had an adequate opportunity to assess which witnesses it will call from third parties or from the Government. The discovery period will provide Defendants with significant factual development which will enable them to identify appropriate witnesses. It is simply unreasonable for the Government to require Defendants to be bound by a near-final witness list limited to *only* four combined witnesses before receiving any meaningful discovery.

Even the Government has recognized itself that far more than four employees from Defendants possess relevant information related to this dispute. While Defendants have collectively agreed to jointly identify five custodians for document collection, the Government has insisted on identifying ten custodians, five per Defendants. Not every custodian will necessarily be an essential witness in the forthcoming hearing, yet the number of custodians the Government requested should inform the number of *potential* witnesses the parties should be permitted to identify on both an initial and final witness. After the parties have taken discovery, including depositions, it makes sense to cut the list down, but not before then.

Providing the parties with flexibility on the *number of witnesses* each may present is important for two key reasons: (1) virtually no discovery has been taken and no depositions have been scheduled; (2) the parties may learn of key witnesses on a small, but important fact in this case through discovery. As to the first point, Defendants simply do not know the precise number of witnesses they may require in their case. As to the second point, any witness may be called to the stand for a quick 5-10-minute examination to establish an important fact. More witnesses does not mean more time since the overall number of hours allotted to the parties is fixed. The parties should have this flexibility at this stage. Indeed, the practical reality of the time-limits at the hearing (the parties propose 6 hours per side) will require the parties to carefully choose and focus the testimony they present. This Court need not, and should not, limit each side to four witnesses.

The Government also has stated that it will rely heavily on a relaxed evidentiary burden and a loosened set of admissibility rules during this hearing. This leads Defendants to believe that the Government may attempt to introduce evidence without any sponsoring witness or admissible deposition testimony, while simultaneously attempting to severely limit Defendants' ability to offer live witness testimony. Defendants' ability to solicit direct testimony within its allotted time should not be limited.

During meet and confers, the Government expressed the concern that Defendants' inclusion of additional witnesses would lead to surprise during the hearing. The reality is far more mundane; Defendants seek the ability to update their witness list after conducting meaningful

3

SHEARMAN & STERLING
401 9th Street, NW
Washington, D.C. 20004-2128
+1.202.508.8000

LATHAM & WATKINS LLP
555 11th Street NW, Suite 1000
Washington, DC 20004
+1.202.637.2200

discovery and seek to be able to react to the Government's evidence introduced during the hearing.[1] Although Defendants cannot predict how many or for how long witnesses will testify, the CMO should afford Defendants the flexibility to present a complete case and to react to new information gleaned during discovery or introduced during the hearing.

### 3. Dispositive Motions and Pre-trial briefing, including potential evidentiary issues

- **Defendants' Proposal**: The parties should follow the Federal Rules of Civil Procedure.
- **Government's Proposal**: The parties should *not* follow the Federal Rules of Civil Procedure.

Defendants have been steadfast in their position that the parties should follow the standard Federal Rules of Civil Procedure, and *if* either (or both) party believes a dispositive motion is ripe and appropriate, then that party is free to pursue its motion. Dispositive motions are specifically contemplated under the Federal Rules of Civil Procedure and can help accelerate the resolution of a claim or suit, promote efficiency, and conserve judicial resources. *See* Fed. R. Civ. P. 1 (The Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."); *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) ("Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole . . . ."). Eliminating dispositive motions takes away an important right granted under the Federal Rules of Civil Procedure and also limits the Court's ability to appropriately narrow the scope of the September hearing. Although Defendants have not made a final decision whether they will file any dispositive motions, the Government's efforts to eliminate dispositive motions operate as a self-serving attempt to prevent Defendants from presenting their case while limiting information available to the Court.[2]

Finally, despite repeatedly emphasizing its desire to avoid surprise during the September hearing, the Government proposes shielding certain types of demonstrative exhibits from disclosure. *See* Exhibit A at ¶ 15. This proposal is simply inconsistent with the Government's alleged interest in avoiding surprise during the preliminary injunction hearing.

---

[1] Defendants' proposal also permits the parties to take additional depositions of anyone added to the final witness list. Notably, the Government has already had the opportunity to issue civil investigative demands and seek testimony from third parties during its pre-suit investigation, giving it a significant head start in discovery.

[2] While not proposed as part of the CMO, to the extent Defendants believe any Daubert or other pre-trial motions are appropriate, Defendants intend to raise these issues as part of its pre-trial brief.

SHEARMAN & STERLING
401 9th Street, NW
Washington, D.C. 20004-2128
+1.202.508.8000

LATHAM & WATKINS LLP
555 11th Street NW, Suite 1000
Washington, DC 20004
+1.202.637.2200

4. **Discovery Disputes**

- **Defendants' Proposal**: Discovery disputes should not be resolved through the CMO.
- **Government's Proposal**: *Facts* learned by the Government pre-litigation do not have to be disclosed as part of litigation discovery.

The Government is also attempting to shield facts from discovery through the guise of the CMO process by blocking Defendants' ability to access facts the Government learned during its compulsory process leading up to this lawsuit. *See* Exhibit A at ¶ 5. The Government proposes that "[t]he Parties will neither request, nor seek to compel, production of any interview notes, interview memoranda, or a recitation of information contained in such notes or memoranda. . . ." Defendants have issued discovery seeking facts learned during the Government's pre-litigation investigation and proposed that this provision should only apply to interviews "conducted during the litigation." If the Government wants to object to the discovery of pre-litigation interview memoranda, it has an avenue to do so under the Federal Rules. The CMO, however, is the wrong vehicle to attempt to block disclosure of key facts related to this litigation. Trying to manipulate the general rules of privilege and work product through the CMO is inappropriate, premature, and would lead to the wrong outcome.

5. **Conclusion**

While it was Defendants' strong desire to resolve these disputes amongst the parties and avoid burdening the Court with these issues, conceding to the Government's immovable proposals would severely prejudice Defendants' ability to present their case and would prevent the Court from fully evaluating the Government's novel claims. For these reasons, Defendants respectfully request that the Court enter the attached Case Management Order.

*/s/ Todd M. Stenerson*

Todd M. Stenerson (Bar No. 14194)
David A. Higbee (Bar No. 30364)
Ryan A. Shores (admitted *pro hac vice*)
Adam B. Schwartz (Bar No. 30358)
Matt Modell (admitted *pro hac vice*)
Jacob M. Coate (Bar No. 30355)
SHEARMAN & STERLING LLP
401 9th Street, NW, Suite 800
Washington, DC 20004
Telephone: (202) 508-8000
Facsimile: (202) 508-8100
todd.stenerson@shearman.com
david.higbee@shearman.com
ryan.shores@shearman.com

| | |
|---|---|
| **SHEARMAN & STERLING**<br>401 9th Street, NW<br>Washington, D.C. 20004-2128<br>+1.202.508.8000 | **LATHAM & WATKINS** LLP<br>555 11th Street NW, Suite 1000<br>Washington, DC 20004<br>+1.202.637.2200 |

adam.schwartz@shearman.com
matt.modell@shearman.com
jacob.coate@shearman.com

Susan Loeb (admitted *pro hac vice*)
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022-6069
Telephone: (212) 848-4000
Facsimile: (212) 848-7179
susan.loeb@shearman.com

*Attorneys for Defendants Booz Allen Hamilton Holding Corp. and Booz Allen Hamilton Inc.*


  /s/ Molly M. Barron

  Molly M. Barron (Bar No. 19151)
  Amanda P. Reeves (admitted *pro hac vice*)
  Marguerite M. Sullivan (admitted *pro hac vice*)
  Anna M. Rathbun (admitted *pro hac vice*)
  Christopher J. Brown (admitted *pro hac vice*)
  G. Charles Beller (admitted *pro hac vice*)
  LATHAM & WATKINS LLP
  555 Eleventh Street, NW, Suite 1000
  Washington, DC 20004
  Telephone: (202) 637-2200
  Facsimile: (202) 637-2201
  molly.barron@lw.com
  amanda.reeves@lw.com
  marguerite.sullivan@lw.com
  anna.rathbun@lw.com
  chirs.brown@lw.com
  charlie.beller@lw.com

  Alfred C. Pfeiffer Jr. (admitted *pro hac vice*)
  Kelly S. Fayne (admitted *pro hac vice*)
  LATHAM & WATKINS LLP
  505 Montgomery Street, Suite 2000
  San Francisco, CA 94111
  Telephone: (415) 391-0600
  Facsimile: (415) 395-8095

| | |
|---|---|
| **SHEARMAN & STERLING**<br>401 9th Street, NW<br>Washington, D.C. 20004-2128<br>+1.202.508.8000 | **LATHAM & WATKINS** LLP<br>555 11th Street NW, Suite 1000<br>Washington, DC 20004<br>+1.202.637.2200<br><br>al.pfeiffer@lw.com<br>kelly.fayne@lw.com<br><br>*Attorneys for Defendants EverWatch Corp., EC Defense Holdings, LLC, and Analysis, Computing & Engineering Solutions, Inc.* |

SHEARMAN & STERLING                              LATHAM & WATKINS LLP
401 9th Street, NW                                555 11th Street NW, Suite 1000
Washington, D.C. 20004-2128                       Washington, DC 20004
+1.202.508.8000                                   +1.202.637.2200

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2022, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, and served one copy, by ECF to counsel of record.

*/s/ Todd M. Stenerson*

Todd M. Stenerson (Bar No. 14194)
Shearman & Sterling LLP
401 9th Street, NW, Suite 800
Washington, DC 20004
Telephone: (202) 508-8000
Facsimile: (202) 508-8100
todd.stenerson@shearman.com