JOINT CMO

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>BOOZ ALLEN HAMILTON HOLDING CORP., *et al.*,<br><br>*Defendants*. | Civil Action No. 1:22-cv-01603-CCB |

**PRELIMINARY INJUNCTION HEARING
SCHEDULING AND CASE MANAGEMENT ORDER**

In accordance with Federal Rule of Civil Procedure 26(f), Plaintiff United States of America, Defendants Booz Allen Hamilton Holding Corp. and Booz Allen Hamilton Inc. (collectively "Booz Allen Hamilton"), and Defendants EverWatch Corp., EC Defense Holdings, LLC, and Analysis, Computing & Engineering Solutions, Inc., (collectively "EverWatch") have met and conferred, and hereby submit this Preliminary Injunction Hearing Scheduling and case Management Order to the Court. Except where explicitly noted, this Order governs scheduling and discovery in advance of the hearing ordered by the Court in this matter for September 15 and/or 16, 2022.

1. **Hearing Schedule**. Unless otherwise specified, days will be computed according to Federal Rule of Civil Procedure 6(a). The Court hereby adopts the following schedule:

| Event | Date |
|---|---|
| Fact discovery begins | July 20 |
| Parties produce Investigation Materials | July 22 |
| Answers to Complaint due | July 22 |
| Parties exchange initial witness lists | July 27 (Plaintiff)<br>August 1 (Defendants) |
| Close of fact discovery | August 22 |
| Initial Disclosures Complete | July 27 (Plaintiff)<br>August 1 (Defendants) |
| Expert submissions due | August 25 (Plaintiff)<br>August 29 (Defendant) |
| Parties exchange final witness lists[1] | September 2 |
| Close of expert discovery | September 7 |
| Parties exchange exhibit lists[2] | September 7 |
| Pre-Hearing briefs, including any evidentiary issues due | September 9 |
| Each side exchanges its objections to the other side's exhibits and opening deposition designations and its deposition counter-designations. | September 9 |

---

[1] Any newly disclosed witness must be made available for deposition no later than September 7. The Parties will meet and confer regarding deadlines for designations of depositions that occur between September 2 and September 7.

[2] On this date Each Party informs each non-party of all documents produced by that non-party that are on that Party's exhibit list and all depositions of that non-party that have been designated by any Party.

| | |
|---|---|
| Each side exchanges its objections to the other side's deposition counter-designations and its counter-counter-designations.[3] | September 12 |
| Parties submit witness lists, joint and party exhibit lists, and exhibits for Preliminary Injunction Hearing to Court | September 13 |
| Prehearing conference | September 14 or date to be determined by the court |
| Preliminary Injunction Hearing | September 15 and/or 16 2022 (6 hours per side)[4] |
| Post-hearing briefing | September 23, 2022 |

2. **Jurisdiction and Venue**. Defendants consent to personal jurisdiction and venue in this Court.

3. **Dispositive Motions.** Dispositive motions are permitted by either party provided any such motion complies with the requirements of Federal Rules of Civil Procedure, but the opposing party need not respond until a date to be set after September 16, either by the Court or agreement from the parties.

4. **Discovery of Confidential Information**. Discovery and production of confidential information will be governed by the Stipulated Protective Order entered by the Court on July 18, 2022. When sending discovery requests, notices, and subpoenas to non-parties, the Parties must include copies of any Protective Orders then in effect.

5. **Interview Memoranda.** The Parties will neither request, nor seek to compel, production of any interview notes, interview memoranda, or a recitation of information contained in such notes or memoranda, conducted during the litigation, except for such material relied upon

---

[3] On this date Non-parties provide notice whether they object to the potential public disclosure at the hearing of any non-party documents and depositions, explain the basis for any such objections, and propose redactions where possible; Parties also meet and confer regarding disputes about confidentiality of Party documents on trial exhibit lists.

[4] This time is inclusive of opening statements, closing statements, and objections.

by any testifying witness or expert and not produced in compliance with paragraph 13 of this Order.

6. **Timely Service of Fact Discovery**. All discovery, including discovery served on non-parties, must be served in time to permit completion of responses by the close of fact discovery. Each side is limited to a total of fifteen (15) Requests for Production and no more than five (5) custodians to be searched for Plaintiff and each Defendant Family (Defendants EverWatch Corp., EC Defense Holdings, LLC, and Analysis, Computing & Engineering Solutions, Inc. representing one Defendant Family, and Defendants Booz Allen Hamilton Holding Corp. and Booz Allen Hamilton Inc. representing one Defendant Family). A maximum of five (5) interrogatories are permitted for (1) the Plaintiff, as to each Defendant Family, and (2) Defendants collectively, as to Plaintiff.

7. **Subpoenas**. A Party may serve a subpoena of the type described in Federal Rule of Civil Procedure 45(a)(4) at any time after serving on the other Parties a notice and a copy of the subpoena.

8. **Written Discovery on Parties**.

(a) **Document Requests**. The Parties must serve any objections to requests for productions of documents and Interrogatories within 2 business day after the requests are served. Within 2 business days of service of any objections, the Parties must meet and confer to attempt to resolve in good faith any objections and to agree on custodians to be searched. Responsive productions must be made on a rolling basis and must begin no later than 10 days after service of the request for production. Interrogatory responses must be made no later than 10 days. The Parties must make good-faith efforts to complete responsive productions no later than 21 days after service of the request for production.

(b) **Motions to Compel Discovery.** Prior to filing a motion to compel, the parties must meet and confer in an attempt to resolve their dispute. Parties are limited to five pages for opening and opposition briefs. Reply briefs are limited to three pages. Upon the service of a Motion to Compel, the non-moving party will have three days to serve an opposition brief. Reply briefs are due two days after an opposition brief is filed. Pursuant to Local Rule 104.8.c, the party moving to compel shall file a certificate of conference, motions, and memoranda.

9. **Requests for Admission**. The Parties agree not to serve requests for admission.

10. **Written Discovery on Non-Parties**. The Parties will in good faith cooperate with each other with regard to any discovery to non-parties in an effort to minimize the burden on non-parties. Each Party must serve a copy of any discovery request to a non-party on the other Parties at the same time as the discovery request is served on the non-party. Every subpoena to a non-party shall include a cover letter requesting that: (a) the non-party identify any applicable confidentiality designation prior to producing it; and (b) the non-party provide to the other parties copies of all productions at the same time as they are produced to the requesting party. If a non-party fails to provide copies of productions to the other Parties, the requesting Party shall provide such copies to the other Parties, in the format the productions were received by the requesting Party, within 1 day, as reasonably practicable, but in no event more than 2 business days, of the requesting Party receiving such materials from the non-party. The Parties shall request that the non-party produce Bates-stamped copies of all documents or electronically stored information to all Parties simultaneously.

11. **Depositions**. The United States is limited to 8 depositions, and the Defendants collectively are limited to 8 depositions. No depositions will be taken under Federal Rule of Civil Procedure 30(b)(6). The following depositions do not count against the 7-deposition caps imposed

by the preceding sentences: (a) depositions of each side's designated expert witnesses (b) depositions of any person identified on a side's final witness list who was not identified on that side's preliminary witness list; (c) depositions previously taken in response to Civil Investigative Demands; and (d) a deposition taken by Defendants of the person previously deposed by the United States in response to a Civil Investigative Demand; and (e) depositions taken for the sole purpose of establishing the location, authenticity, or admissibility of documents produced by any Party or non-party, provided that such depositions may be noticed only after the Party taking the deposition has taken reasonable steps to establish location, authenticity, or admissibility through other means, and further provided that such depositions must be designated at the time that they are noticed as being taken for the sole purpose of establishing the location, authenticity, or admissibility of documents.

Parties will make reasonable efforts to make Party witnesses available for deposition upon 5 business days' notice.

Depositions may be conducted in-person or remotely, considering witnesses' personal circumstances and the status of the pandemic. For any Party or non-party deposition conducted virtually, the deposition will take place by videoconference. The court reporter will swear the witness remotely by means of the videoconference. As is the case for in-person depositions, however, the witness may not otherwise engage in conversations with counsel or third parties during the deposition by instant message, text message, email, or any other means not recorded on the record. For videoconference depositions where individuals are physically present who are not otherwise the deponent, court reporter, or videographer, the individual will be subject to an additional camera recording of his or her own attendance. No participants other than the court reporter, and videographer if applicable, will record the deposition. Notwithstanding the remote

nature of any deposition, counsel for the witness may be physically present with the witness at their sole discretion.

If a Party serves on a non-party a subpoena for the production of documents or electronically stored information and a subpoena commanding attendance at a deposition, the Party serving those subpoenas must schedule the deposition for a date at least 3 business days after the return date for the document subpoena, and if the Party serving those subpoenas agrees to extend the date of production for the document subpoena in a way that would result in fewer than 3 business days between the extended production date and the date scheduled for that non-party's deposition, the Parties will meet and confer in good faith regarding the necessity of postponing the deposition.

12. **Presumptions of Authenticity**. Documents produced by Parties and non-parties from their own files will be presumed to be authentic within the meaning of Federal Rule of Evidence 901.[5] Any good-faith objection to a document's authenticity must be provided with the exchange of other objections to intended hearing exhibits. If the opposing side serves a specific good faith written objection to the document's authenticity, the presumption of authenticity will no longer apply to that document and the Parties will promptly meet and confer to attempt to resolve any objection. Any objections that are not resolved through this means or the discovery process will be resolved by the Court.

---

[5] This presumption does not preclude either Party from making any other objection. The Court will follow the standards of a preliminary injunction as set forth by the Fourth Circuit. *See G.G. ex rel. Grimm v. Gloucester Cnty. Sch. Bd.*, 822 F.3d 709, 725 (4th Cir. 2016), *vacated and remanded on other grounds*, 137 S.Ct. 1239 (2017) ([A]lthough admissible evidence may be more persuasive than inadmissible evidence in the preliminary injunction context, it [is] error for [a] district court to summarily reject [a party's] proffered evidence because it [might be] inadmissible at a subsequent trial.").

13. **Expert Witness Disclosures and Depositions**. Each side's expert disclosures must comply with the requirements of Federal Rule of Civil Procedure 26(a)(2) and 26(b)(4), except as modified by this paragraph and the Hearing Schedule. Expert disclosures shall be limited to 15 single-spaced pages, no smaller than 12-point font with 1-inch margins, not including appendices.

(a) Neither side must preserve or disclose, including in expert deposition testimony, the following documents or information:

(i) any form of oral or written communications, correspondence, or work product not relied upon by the expert in forming any opinions in his or her disclosure shared:

(A) between the United States or any Defendant's counsel and the United States' or the Defendant's own testifying or non-testifying expert(s);

(B) between any agent or employee of the United States or Defendant's counsel and the United States or the Defendant's own testifying or non-testifying expert(s);

(C) between testifying and non-testifying experts;

(D) between non-testifying experts; or

(ii) any form of oral or written communications, correspondence, or work product not relied upon by the expert in forming any opinions in his or her disclosure shared between experts and any persons assisting the expert;

        (iii)    the expert's notes, except for notes of interviews participated in or conducted by the expert, if the expert relied upon such notes in forming any opinions in his or her disclosure;

        (iv)    drafts of expert disclosures; and

        (v)    data formulations, data runs, data analyses, or any database-related operations not relied upon by the expert in forming any opinions in his or her disclosure.

(b)    The Parties agree that the following materials will be disclosed:

        (i)    all final disclosures;

        (ii)    a list by Bates number of all documents relied upon by the testifying expert(s) in forming any opinions in his or her disclosure;

        (iii)    copies of any materials relied upon by the expert not previously produced that are not readily available publicly;

        (iv)    a list of all publications authored by the expert in the previous 10 years and copies of all publications authored by the expert in the previous 10 years that are not readily available publicly;

        (v)    a list of all other cases in which, during the previous 4 years, the expert testified at trial or by deposition, including tribunal and case number; and

        (vi)    for all calculations appearing in the disclosure, all data and programs underlying the calculations (including all programs and codes necessary to replicate the calculations from the initial ("raw") data files and the intermediate working-data files that are generated from the raw data files and used in performing the calculations appearing in the final report) and a

written explanation of why any observations in the raw data were either excluded from the calculations or modified when used in the calculations.

Each expert will be deposed for only one 7-hour day, with all 7 hours reserved for the side noticing the expert's deposition. Depositions of each side's experts will be conducted only after disclosure of all expert disclosures and all of the materials identified in paragraph 13(b) of this Order for all of that side's experts.

14. **Witness Lists**. The United States is limited to 8 persons (excluding experts) on its initial witness list, and the Defendants collectively are limited to 8 persons (excluding experts) on their initial witness list. The witness lists must comply with Federal Rule of Civil Procedure 26(a)(3)(A)(i)–(ii), must include the name, employer, address, and telephone number of each witness, and must include a brief summary of the subjects about which any expert witnesses will testify.

The United States is limited to 6 persons (excluding experts) on its final hearing witness list, and the Defendants collectively are limited to 6 persons (excluding experts) on their final hearing witness list. Each side's final hearing witness list may identify no more than 2 witnesses that were not identified in that side's preliminary hearing witness list. If any new witnesses are added to a final hearing witness list that were not in that side's preliminary hearing witness list, document discovery may be had with respect to such person(s), even if out of time, and a deposition(s) by the other side of such witness(es) will not count against that other side's total depositions. The final hearing witness lists must comply with Federal Rule of Civil Procedure 26(a)(3)(A)(i)–(ii), must include the name, employer, address, and telephone number of each witness, and must include a brief summary of the subjects about which any expert witnesses will testify.

In preparing witness lists, the Parties must make good-faith attempts to identify the witnesses (including expert witnesses) whom they expect that they may present as live witnesses at the hearing (other than solely for impeachment). No Party may call a person to testify as a live witness at the hearing (other than solely for impeachment) unless (a) that person was identified on that Party's final witness list; (b) that person was identified on the opposing Party's preliminary or final witness list; (c) all Parties agree that that Party may call that person to testify; or (d) upon good cause shown, the Court allows a Party to call that person to testify, despite that Party's failure to identify that person sooner. Witnesses whose testimony will be offered into evidence at the hearing through designated portions of their deposition testimony must be identified on the initial disclosure or final witness lists, but those witnesses do not count against the limits on the number of persons who may be identified on those lists.

15. **Hearing Exhibit Lists and Demonstrative Exhibits**. The United States is limited to 40 exhibits on its exhibit list, and the Defendants are collectively limited to 40 exhibits on their exhibit list. Either party may seek leave from the Court for good cause to increase the total number of exhibits. Demonstrative exhibits do not count against the maximum number of exhibits permitted on each side's exhibit list, and they do not need to be included on the exhibit lists when those lists are exchanged. Prior to the Preliminary Injunction hearing, the Parties shall attach tags to all exhibits pursuant to Local Rule 106.7.a.

Unless otherwise agreed or ordered, the Parties must serve demonstrative exhibits on all counsel of record no less than the day before the hearing. However, the following types of demonstrative exhibits need not be pre-disclosed to the opposing Party: (i) demonstrative exhibits used by experts that were disclosed in the experts' report, if the exhibit has not been materially changed; and (ii) demonstrative exhibits created in court during a witness's examination.

Demonstrative exhibits representing data must rely only on data that has been produced to the opposing Party by the close of fact discovery or is readily available publicly.

16. **Service of Pleadings and Discovery on Other Parties**. Service of all pleadings, discovery requests (including subpoenas for testimony or documents under Federal Rule of Civil Procedure 45), expert disclosures, and delivery of all correspondence in this matter must be made by ECF if required by applicable rule or otherwise by email, except when the volume of attachments requires overnight delivery of the attachments or personal delivery, to the following individuals designated by each Party:

> For Plaintiff United States of America:
>
> Kevin Quin
> Jay Owen
> Natalie Hayes
> U.S. Department of Justice
> Antitrust Division
> 450 Fifth Street, NW, Suite 4000
> Washington, DC 20530
> Telephone: (202) 476-0251
> kevin.quin@usdoj.gov
> jay.owen@usdoj.gov
> natalie.hayes@usdoj.gov
>
> For Defendants Booz Allen Hamilton Holding Corp. and Booz Allen Hamilton Inc.:
>
> Todd M. Stenerson
> David A. Higbee
> Ryan A. Shores
> Adam B. Schwartz
> Matt Modell
> Jacob M. Coate
> Shearman & Sterling LLP
> 401 9th Street, NW, Suite 800
> Washington, DC 20004-2128
> (202) 508-8000
> todd.stenerson@shearman.com
> david.higbee@shearman.com
> ryan.shores@shearman.com
> adam.schwartz@shearman.com

    matt.modell@shearman.com
    jacob.coate@shearman.com

    Susan Loeb
    Shearman & Sterling LLP
    599 Lexington Avenue, Lexington Ave,
    New York, NY 10022
    (212) 848-4000
    susan.loeb@shearman.com

    <u>For Defendants EverWatch Corp., EC Defense Holdings, LLC, and Analysis, Computing & Engineering Solutions, Inc.</u>:

    Amanda P. Reeves
    Marguerite M. Sullivan
    Anna M. Rathbun
    Chris Brown
    G. Charles Beller
    Latham & Watkins LLP
    555 Eleventh Street NW, Suite 1000
    Washington, DC 20004
    Telephone: (202) 637-2183
    Amanda.Reeves@lw.com
    Marguerite.sullivan@lw.com
    Anna.rathbun@lw.com
    Chris.Brown@lw.com
    Charle.Beller@lw.com

    Al Pfeiffer
    Kelly Fayne
    LATHAM & WATKINS LLP
    505 Montgomery Street, Suite 2000
    San Francisco, CA 94111
    Telephone: (415) 391-0600
    Facsimile: (415) 395-8095
    al.pfeiffer@lw.com
    kelly.fayne@lw.com

    For purposes of calculating discovery response times under the Federal Rules of Civil Procedure, electronic delivery at the time the email was received will be treated in the same manner as hand delivery at that time.

17. **Nationwide Service of Trial Subpoenas**. To assist the Parties in planning discovery, and in view of the geographic dispersion of potential witnesses in this action outside this District, the Parties are permitted, under 15 U.S.C. § 23, to issue trial subpoenas that may run into any other federal district requiring witnesses to attend this Court. The availability of nationwide service of process, however, does not make a witness who is "unavailable" for purposes of Federal Rule of Civil Procedure 32 and Federal Rule of Evidence 804 available under those rules or otherwise affect the admissibility at trial of a deposition of a witness.

18. **Modification of Preliminary Injunction Scheduling and Management Order**. Modifications of the rights and responsibilities of the Parties under this Order may be made by mutual agreement of the Parties, provided any such modification has no effect on the schedule for prehearing filings or hearing dates. Otherwise, any Party may seek modification of this Order for good cause.

SO ORDERED:

/s/
_____
Honorable Catherine Blake
United States District Judge

Dated: August 10, 2022