IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | Civil Action No. CCB-22-1603 |
| v. | * | |
| BOOZ ALLEN HAMILTON INC. ET AL | * | |

*************

**ORDER**

Oral argument was heard today on the defendants' motion to compel a complete response to Interrogatory No. 1. (ECF 114-1). The interrogatory was a broad request for the government to "State all facts you learned" during the course of the investigation that led to filing the complaint in this case.[1]

Guided by the Fourth Circuit's opinion in *In re Grand Jury Subpoena v. United States*, 870 F.3d 312 (4th Cir. 2017), the court concludes that the interrogatory, as written, seeks opinion work product, which "enjoys a nearly absolute immunity." 870 F.3d at 316. Requiring the government to state all facts it learned in the course of its investigation would be, if literally complied with, a practically impossible burden. If selectively complied with, it would reveal what facts the government's attorneys thought important to their case, thus "exposing [their] mental processes." *Id.* at 317. Interrogatories directed at specific facts the government may have obtained, however, even if the information constituted fact work product, may be obtained by showing "both a substantial need and an inability to secure the substantial equivalent of the

---

[1] Interrogatory No. 1: "State all facts You learned from any Communication with any Person, the Intelligence Community, GSA, and/or DOD during the course of Your Investigation into the Proposed Transaction that relate to any claims asserted in the Complaint and/or Preliminary Injunction Motion, including all exhibits." (ECF 114-1 at 6).

materials by alternate means without undue hardship." *Id.* at 316. Here, given the short time frame for discovery imposed by the need for scheduling a prompt preliminary injunction hearing, depositions and requests for production of documents do not appear likely by themselves to provide a sufficient alternative means for obtaining additional critical factual information the government may have as a result of its investigation. The most obvious example is information concerning the changing release schedule for and parameters of the anticipated OPTIMAL DECISION RFP, which is the contract at the heart of the DOJ's case.

Accordingly, the motion to compel is Denied, but the defendants may instead submit a limited number (no more than five, without further order) of specific factual questions to be answered by the government within three days.

So Ordered this 30th day of August, 2022.

_____/s/_____

Catherine C. Blake
United States District Judge