UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      *Plaintiff*,<br><br>    v.<br><br>BOOZ ALLEN HAMILTON HOLDING<br>CORPORATION, *et al.*,<br><br>      *Defendants*. | Case No. 1:22-cv-01603-CCB |

**PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE PERSONAL OPINIONS OF
INDIVIDUAL EMPLOYEES OF THE UNITED STATES GOVERNMENT
REGARDING THE GENERAL DESIRABILITY OF THE PROPOSED TRANSACTION**

In an effort to distract from the anti-competitive effects associated with agreeing to combine the only two bidders for OPTIMAL DECISION, Defendants have questioned individual U.S. government employees about whether they have <u>personal</u> opinions about the general desirability of the merger. This Court has already rejected Defendants' Motion to Compel production of documents about government employees' personal views on the general desirability of the merger. *See* Dkt. 138 (Aug. 31, 2022) at 5. Accordingly, Plaintiff respectfully requests that this Court enter an order *in limine* excluding at the preliminary injunction hearing any testimony from individual U.S. government employees regarding any personal opinions about the general desirability of the merger.

NSA employees have confirmed that the NSA has taken no position on Booz Allen's proposed acquisition of EverWatch. *See* Deposition of Kevin Y. (Aug. 18, 2022) at 29:20-24; Deposition of Diane Dunshee (Aug. 18, 2022) at 129:6-22. Even so, in depositions, Defendants have questioned U.S. government employee witnesses about whether they or their colleagues have personal opinions concerning the general desirability of the merger, and thus may seek to do the same at the forthcoming hearing. *See, e.g.,* Kevin Y. Dep. at 37:11-25 (witness questioned about whether he formed any conclusions about the impact of the merger); *id.* at 32:5-18 (witness questioned about whether other NSA employees are in favor of the acquisition); Diane Dunshee Dep. at 130:1-2 (witness questioned about whether she had any personal opinion about the merger). While these witnesses had no such personal opinions about the general desirability of the merger, *see id.*, these types of questions should be excluded consistently with this Court's August 31, 2022 Order and the Federal Rules of Evidence.

U.S. government employees' personal opinions about the general desirability of the merger

are protected from disclosure by the deliberative process privilege. *See* Dkt. 138, *citing Cipollone v. Liggett Grp. Inc.*, Nos. 86-1198, 86-1223, 1987 WL 36515, at *2 (4th Cir. Feb. 13, 1987) (per curiam); *Nat'l Ass'n for Advancement of Colored People v. Bureau of Census*, 401 F. Supp. 3d 608, 617 (D. Md. 2019). This Court recently analyzed a Motion to Compel documents relating to the same issue and concluded:

> [C]omments connected to an author's subjective views about the general desirability of the Proposed Acquisition may be withheld. To be more specific, an email from an NSA employee saying "I think this merger would be bad for the NSA" may be withheld because the statement is simply a candid comment about one person's conclusory view of the Proposed Acquisition.

Dkt. 138 at 5. If documents concerning a U.S. government employee's personal views about the general desirability of the merger are beyond the scope of discovery in this case—as this Court properly concluded they are—then a U.S. government employee's testimony about their personal views about the general desirability of the merger are similarly beyond the scope of admissible evidence in this case.

U.S. government employees' personal opinions regarding the general desirability of the merger would also constitute inadmissible lay opinion and be irrelevant. The NSA has not taken a position on the merger, *see* Kevin Y. Dep. at 29:20-24, and Defendants have not offered any evidence that the government employee witnesses at the upcoming preliminary injunction hearing have sufficient personal knowledge to support testifying to a lay opinion about the general desirability of the merger. *See* Fed. R. Evid. 701(a); *see also United States v. Johnson*, 617 F.3d 286, 292-93 (4th Cir. 2010) (holding that district court abused its discretion by admitting lay opinion testimony of witness with insufficient personal knowledge). Moreover, an individual employee's lay opinion on the general desirability of the merger, which lacks the foundation

required by Rule 701(a) of the Federal Rules of Evidence, does not have the "tendency to make a fact more or less probable than it would be without the evidence" as required by Rule 401 of the Federal Rules of Evidence. An individual employee's conclusory opinion that the merger would be anti-competitive or pro-competitive would not help the Court to determine any relevant issue in dispute.

Plaintiff, therefore, respectfully requests that this Court enter an order *in limine* that testimony from individual U.S. government employees regarding any personal opinions about the general desirability of the merger are inadmissible at the upcoming preliminary injunction hearing.

Dated this 9th day of September, 2022
Respectfully submitted,


**FOR PLAINTIFF UNITED STATES OF AMERICA:**


_____/s/_____
Jay D. Owen

KEVIN QUIN (special admission)
JAY D. OWEN (special admission)
ALEXANDER ANDRESIAN (special admission)
ALEX COHEN (special admission)
MARTHA FITZGERALD (special admission)
KERRIE FREEBORN (special admission)
BRIAN HANNA (special admission)
NATALIE HAYES (special admission)
MIRANDA ISAACS (special admission)
STEVEN KRAMER (special admission)
ARIANNA MARKEL (special admission)
JONATHAN MINCER (special admission)
BENJAMIN RUDOFSKY (special admission)
BRYN WILLIAMS (special admission)
Trial Attorneys

United States Department of Justice
Antitrust Division
Defense, Industrials, and Aerospace Section
450 Fifth Street N.W., Suite 8700
Washington, DC 20530
Telephone: (202) 476-0251
Facsimile: (202) 514-9033
Email: Kevin.Quin@usdoj.gov

ARIANA WRIGHT ARNOLD
USDC Md Bar No. 23000
Assistant United States Attorney
36 S. Charles Street, Fourth Floor
Baltimore, Maryland 21201
Telephone: 410-209-4813
Facsimile: 410-962-2310
Email: Ariana.Arnold@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on September 9, 2022, I electronically filed the foregoing Motion *in Limine* to Exclude Personal Opinions of Individual Employees of the United States Government Regarding the General Desirability of the Proposed Transaction with the Clerk of Court using the CM/ECF system, and served, via electronic filing, counsel of record for all parties.

                                  _____/s/_____
                                  Jay D. Owen (special admission)
                                  Assistant Chief
                                  United States Department of Justice
                                  Antitrust Division
                                  Defense, Industrials, and Aerospace Section
                                  450 Fifth Street N.W., Suite 8700
                                  Washington, DC 20530
                                  Telephone: (202) 476-0251
                                  Facsimile: (202) 514-9033
                                  Email: Jay.Owen@usdoj.gov