# Exhibit E

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>vs.<br><br>BOOZ ALLEN HAMILTON HOLDING CORPORATION, *et al.*,<br><br>*Defendants*. | Case No. 1:22-cv-01603-CCB |

**FINAL JUDGMENT AND ORDER**

WHEREAS Plaintiff, the United States of America, filed its Complaint on June 29, 2022, alleging that Defendants violated Section 1 of the Sherman Act, 15 U.S.C. § 1, and Section 7 of the Clayton Act, 15 U.S.C. § 18;

WHEREAS after hearing evidence in a two-day Preliminary Injunction hearing, including testimony from a dozen witnesses, this Court concludes that the Plaintiff has not met its burden of proving that the Proposed Transaction, when evaluated alongside Defendants Proposed Consent Judgement, is an unreasonable restraint of trade under Sherman Act § 1 or is likely to substantially lessen competition under Clayton Act § 7;

WHEREAS Defendants are free to consummate the Proposed Transaction subject to the terms and conditions of this Order;

WHEREAS Defendants have consented to be subject to the terms and conditions of this Order;

THEREFORE, it is hereby ordered:

**I.      JURISDICTION**

1

This Court has personal jurisdiction over each party in this case. It has subject-matter jurisdiction over this case because the Complaint alleges claims arising under federal law. *See* 28 U.S.C. § 1331. The Court shall retain jurisdiction to enable any party to this Order to apply at any time for such further orders and directions as may be necessary or appropriate to implement, enforce, construe, modify, or terminate this Order or any of its provisions.

## II.     DEFINITIONS

As used in this Order:

1. "Agreement" refers to the March 15, 2022, Stock Purchase Agreement between Booz Allen and EverWatch.

2. "Booz Allen" refers to Booz Allen Hamilton Inc. and Booz Allen Hamilton Holding Corp.

3. "Booz Allen Bid Team" refers to the personnel at Booz Allen who are, at the time of this Order, principally working to prepare Booz Allen's bid for OPTIMAL DECISION.

4. "EverWatch" refers to EverWatch, Corp., EC Defense Holdings, LLC, and Analysis, Computing & Engineering Solutions, Inc.

5. "EverWatch Bid Team" refers to the personnel at EverWatch who are, at the time of this Order, working to prepare EverWatch's bid for OPTIMAL DECISION.

6. "NSA" refers to the National Security Agency.

7. "OPTIMAL DECISION" refers to the expected upcoming contract to supply modeling and signals intelligence support services to NSA.

8. "Proposed Consent Judgement" refers to the terms of the prohibited and required conduct found in the proposed consent judgement submitted to the Court by the Defendants on August 25, 2022.

9. "Proposed Transaction" refers to Booz Allen's proposed acquisition of EverWatch.

### III.     APPLICABILITY

This Order applies to Defendants, including each of their directors, officers, managers, agents, employees, subsidiaries, successors, and assigns, and to all other persons in active concert or participation with any of them who have received actual notice of this Order by personal service or otherwise.

### IV.     PROHIBITED & REQUIRED CONDUCT[1]

A. Booz Allen and EverWatch shall independently undertake to compete for OPTIMAL DECISION in the exercise of their best judgments as if they remain in all respects separate and autonomous business entities and without regard to the Agreement.

B. Booz Allen and EverWatch shall submit separate and uncoordinated bids for OPTIMAL DECISION.

C. Booz Allen shall take all steps necessary to ensure that the EverWatch Bid Team is maintained and operated as an independent, ongoing, economically viable, and vigorous competitor for OPTIMAL DECISION.

   1. Booz Allen shall keep the EverWatch Bid Team members separate and apart from Booz Allen's other operations, not including EverWatch's independent operations relating to OPTIMAL DECISION.

   2. Booz Allen shall appoint Sean Foster to oversee the EverWatch Bid Team. Sean Foster shall have complete authority to determine the ultimate contents of the EverWatch bid for OPTIMAL DECISION, subject to a final cost review by Brian Cooper.

   3. Booz Allen shall ensure that the EverWatch Bid team has the funds and resources necessary to prepare and submit a competitive bid.

   4. Booz Allen shall not transfer, reassign, demote, fire, or lay off any EverWatch Bid Team member except for good cause.

   5. Booz Allen shall provide reasonable financial incentives to ensure the EverWatch Bid Team members stay until NSA awards OPTIMAL DECISION.

   6. Booz Allen shall take no action that would jeopardize, delay, or impede the EverWatch Bid Team's ability to vigorously compete for OPTIMAL DECISION.

---

[1] Per Section VII, all prohibitions and requirements in this Section shall exist only from the time this Order is entered until the time NSA awards the OPTIMAL DECISION contract or one year from the Order's entry, whichever occurs first.

    7.    Booz Allen shall not influence or seek to influence, in any way, directly or indirectly, the EverWatch Bid Team or EverWatch's bid on OPTIMAL DECISION (expect as required by this Order).

D. Booz Allen shall take all steps necessary to ensure that the Booz Allen Bid Team is maintained and operated as an independent, ongoing, economically viable, and vigorous competitor for OPTIMAL DECISION.

    1.    Booz Allen shall promptly identify and appoint an appropriate person to oversee the Booz Allen Bid Team. He or she shall have complete responsibility for the Booz Allen OPTIMAL DECISION bid.

    2.    Booz Allen shall take all reasonable steps recommended by this person for the OPTIMAL DECISION bid.

    3.    Booz Allen shall not transfer, reassign, demote, fire, or lay off any Booz Allen Bid Team member except for good cause.

E. Booz Allen shall offer reasonable monetary bonuses (1) to the members of the Booz Allen Bid Team if NSA chooses their bid and (2) to the members of the EverWatch Bid Team if NSA chooses their bid.

F. Booz Allen shall implement and maintain reasonable procedures to (1) prevent EverWatch's books, records, and competitively sensitive information regarding OPTIMAL DECISION from being shared with the Booz Allen Bid Team and (2) prevent Booz Allen's books, records, and competitively sensitive information regarding OPTIMAL DECISION from being shared with the EverWatch Bid Team.

G. Booz Allen shall implement and maintain reasonable procedures to ensure that there is no overlap or direct communication between the members of the Booz Allen Bid Team and the EverWatch Bid Team.

H. Booz Allen shall not withdraw the bids submitted by the Booz Allen or EverWatch Bid Teams for OPTIMAL DECISION once they have been submitted.

I. If NSA awards OPTIMAL DECISION to Booz Allen, Booz Allen shall provide the services as contemplated in the winning bid, subject to NSA's direction.

## V. PERMITTED CONDUCT

Nothing in this Order shall prevent either Defendant from obtaining information customarily provided in due diligence; but such information shall not include anything regarding OPTIMAL DECISION.

## VI.  COMPLIANCE

A. Booz Allen shall notify and train all relevant personnel regarding the requirements of this Order.

B. Booz Allen shall establish an antitrust compliance program specifically designed for this Order within 10 days of the entry of this Order and maintain it for the duration of this Order.

C. As part of this program, Booz Allen shall appoint an internal antitrust compliance officer who shall ensure Defendants' compliance with this Order. He or she shall also be responsible for accomplishing the following activities:

   1. distributing within 15 days of entry of this Order a copy of this Order to each current officer and director of either Defendant and each employee or agent of either Defendant who has responsibility for any obligations under this Order;

   2. distributing in a timely manner a copy of this Order to any officer, director, employee, or agent who succeeds to a position described in the preceding subsection;

   3. obtaining within 20 days a written certification from each person designated in the preceding two subsections that he or she: (a) has received, read, understands, and agrees to abide by the terms of this Order and (b) is not aware of any violation of the Order.

D. Within 15 days of entry of this Order Booz Allen shall certify to Plaintiff that it has (1) designated an antitrust compliance officer, specifying his or her name, business address, and telephone number and (2) distributed this Order in accordance with Section VI(C).

E. If any director or officer of either Defendant or the antitrust compliance officer learns of any violation of this Order, he or she shall within three business days assure compliance with this Order and notify the Plaintiff of any such violation within 10 business days.

## VII.  EXPIRATION

This Order shall expire when NSA awards the OPTIMAL DECISION contract or one year from the Order's entry, whichever occurs first.

_____

Catherine C. Blake
United States District Judge

5