# Post-Hearing Brief Exhibit 1



U.S. Department of Justice

Antitrust Division

*Liberty Square Building*
*450 5th Street, N.W.*
*Washington, DC 20530*

September 14, 2022

**VIA ECF FILING**

Hon. Catherine C. Blake
U.S. District Court for the District of Maryland
101 West Lombard Street
Baltimore, MD 21201

      Re:   *United States v. Booz Allen Hamilton Holding Corp. et al.*, No. 1:22-cv-01603-CCB (D. Md.) – United States' Proposed Order

Dear Judge Blake:

      I write on behalf of Plaintiff, the United States, to address concerns raised by the Court during the pre-hearing conference on September 13. With this letter, the United States submits a Proposed Order ("Proposed Order") that is focused on the narrowest relief that is necessary to preserve competition for OPTIMAL DECISION ("OD") and would resolve this litigation short of the original proposed preliminary injunction and full trial on the merits.[1]

      Yesterday, the National Security Agency ("NSA") released a Request for Proposals ("RFP") for the OD procurement that is at the center of this litigation. The timing of the release of the RFP was a surprise to Plaintiff's counsel.[2] But the RFP's release also creates certainty about the timeframe for the final stage of the nearly three-year competition for the OD procurement, which before was missing. This, in turn, has enabled the United States to propose a

---

[1] A necessary precondition to the entry of the Proposed Order is a finding of liability under the Sherman Act, which the Proposed Order would partially ameliorate.

[2] During an NSA employee's deposition on September 9, 2022, Plaintiff's and Defendants' counsel both learned for the first time that the RFP was likely to be released this week. Yesterday, the Division learned for the first time that the NSA's RFP was slated to be released that day—on September 13, 2022, and not later this week. Defendants and their counsel have received a copy of the released RFP. The final version of the RFP is substantially similar to the draft provided to Defendants months ago.

narrowly tailored Proposed Order that protects the years-long competition that the NSA has worked hard to achieve.

The Sherman Act and other antitrust laws are designed to preserve arms-length competition between independent competitors.[3] *See Copperweld Corp. v. Indep. Tube Corp.*, 467 U.S. 752, 768-69 (1984). Such competition is driven by the economic benefit to each independent company and the uncertainty of which company will win or lose. When it was signed, Defendants' Merger Agreement "destroy[ed] every motive for competition" between the "natural" competitors for OD by prospectively "pooling the earnings of the two [companies] for the common benefit of the stockholders of both companies." *N. Sec. Co. v. United States*, 193 U.S. 197, 328 (1904). Restoring that independence—and maintaining uncertainty on whether profits will be shared—is the goal of this enforcement action.

### A. Defendants' Proposal Does Not Protect Competition for OPTIMAL DECISION

At the August 30, 2022 hearing, Defendants submitted a Proposed Consent Judgment ("Defendants' Proposal"), proposing that the United States abandon this litigation, Defendants close their deal, and Defendants promise to compete by instituting firewalls, incentive awards, and other behavioral modifications. *See* Defs.' Ex. 46.

Defendants' Proposal never addresses the United States' core concern because it guarantees certainty that the deal will close, thereby telling the two bidders that, whoever wins, the money will go to the same combined firm. That simple fact extinguishes the competition that the United States filed this lawsuit to preserve. Under Defendants' Proposal, Defendants will merge, and both Booz Allen and EverWatch will know at the time of their bids that all profits will accrue to Booz Allen no matter which of them formally wins the OD contract. There will be no independent Booz Allen and no independent EverWatch. Defendants' corporate incentives to compete—over proposals, prices, staff, and deliverables—will disappear.[4]

By guaranteeing that the merger will occur, Defendants' Proposal cements the harm to the OD competition and effectively transforms the Merger Agreement into a court-ordered profit pooling agreement that would reduce both companies' incentives to compete. *See Citizen Publ'g Co. v. United States*, 394 U.S. 131, 135 (1965). Absent the Court's order, such an arrangement would constitute a separate violation of the Sherman Act.

Rather than address these concerns, Defendants' Proposal suggests remedies that address other, different antitrust problems. For example, it offers to adopt firewalls, which may prevent

---

[3] This principle has been recognized for as long as the Sherman Act has existed. *See United States v. Union Pac. R.R. Co.*, 226 U.S. 61, 84 (1912) ("competition, not combination, should be the law of trade. If there is evil in this, it is accepted as less than that which may result from the unification of interest, and the power such unification gives.") (quoting *Nat'l Cotton Oil Co. v. Texas*, 197 U.S. 115, 129 (1905)).

[4] Currently, OD is a competitive, winner-take-all procurement, where, for example, if Booz Allen loses the procurement, its OD employees could lose their jobs. *See, e.g.*, Gosnell Dep. Tr. 147:4-7.

gun jumping and the sharing of competitively sensitive information, but which do not fundamentally alter the anticompetitive incentives the Merger Agreement creates. Defendants' Proposal offers bonus awards and human resources commitments to purportedly incentivize employees to compete against the direct interests of their employer, the merged Booz Allen – EverWatch firm.

Under the logic of Defendants' Proposal, any two companies would be allowed to merge so long as they held separate certain sales functions; effectively, to ask courts and consumers to rely on promises not to exercise the market (or monopoly) power created by a merger. For obvious reasons, such promises cannot cure antitrust violations. *See, e.g.*, *St. Alphonsus Med. Ctr.-Nampa Inc. v. St. Luke's Health Sys., Ltd.*, 778 F.3d 775, 793 (2015) (rejecting separate bargaining units as a cure to a merger); *United States v. United Shoe Mach. Corp.*, 391 U.S. 244, 250 (1968) ("[I]t is the duty of the court to prescribe relief which will terminate the illegal monopoly, deny to the defendant the fruits of its statutory violation, and ensure that there remain no practices likely to result in monopolization in the future.").

Defendants' Proposal offers to replace the natural economic incentives of independent companies to compete with a promise to compete contrary to the merged company's economic interest. This is insufficient to safeguard competition.

### B. The United States' Proposed Order Protects Competition

The United States' Proposed Order is straightforward. The two-page Proposed Order terminates this litigation, prohibits Defendants' merger until 90 days after OD bids are due, enables EverWatch to renegotiate the terms of the Merger Agreement with Booz Allen (or any other potential purchaser), and authorizes either side to walk away from the deal during that time. In short, it introduces uncertainty as to whether Defendants will ultimately merge and on what terms.

The Proposed Order protects competition through these simple provisions. It creates uncertainty that the merger will close as initially planned. That means that each firm is incentivized to bid to win. Only uncertainty can incentivize actual competition. The 90-day post-bid timeframe ensures that the OD contract will be awarded before any merger closes. *See* Pl.'s Ex. 47, at 5 (specifying that the OD contract will be awarded on January 17, 2023). The timeframe also incentivizes Defendants to continue competing after submitting their bids, such as during OD oral examinations and contract negotiations and by allowing EverWatch to benefit *independently of Booz Allen* if EverWatch wins the OD contract. More specifically:

- The walk-away possibility substantially restores the pre-Merger Agreement incentive to compete, because it injects a significant possibility that Defendants will not merge. This brings the parties closer to the pre-Merger Agreement competitive world.

- In particular, EverWatch's incentive to compete is enhanced due to its solicitation and walk-away rights during the remainder of the OD bidding and contracting process. If EverWatch can solicit and accept an offer from

3

a different suitor, it is more likely to vigorously compete to win the OD contract so that it can attract a more lucrative offer than Booz Allen's.

- The timeframe for the walk-away rights allows the years-long OD competition to continue during: (1) the final and most critical stage of competition for the OD contract—the next 45 days until the bids are due; (2) the NSA review process, which includes continued competition between the companies including at oral examinations; and (3) the OD award on January 17, 2023, which would give EverWatch, should it win the OD contract, significant leverage in pursuing a different acquirer.

The Proposed Order imposes minimally on the Merger Agreement. Its single page of provisions leaves intact the vast majority of the Merger Agreement's 144-page framework; thus, Defendants may consummate their Agreement 90 days after the OD bids are due, if both sides so choose.

To be clear, the Proposed Order still entails some risk to competition and requires monitoring and compliance of its terms, making it less desirable than the original proposed order—or, ultimately, a permanent injunction enjoining the Merger Agreement—once a violation of Section 1 is established.[5] *Cf. United States v. Aetna Inc.*, 240 F. Supp. 3d 1, 60 (D.D.C. 2017) (in rebuttal to a *prima facie* anticompetitive merger, "a defendant may introduce evidence that a proposed divestiture would restore the competition lost by the merger counteracting the anticompetitive effects of the merger") (internal marks omitted). But the Proposed Order is superior to Defendants' Proposal because it provides a structural remedy that more directly addresses the incentive problem inherent in the Merger Agreement—where the only competitors agreed to merge before OD was awarded. It thus preserves a greater degree of competition in a critical national security arena.

***

The United States has sent this Proposed Order to Defendants and seeks their consent.

Dated: September 14, 2022

/s/ *Jay D. Owen*

Jay D. Owen
Assistant Chief
Defense, Industrials & Aerospace Section
Antitrust Division
U.S. Department of Justice

*Counsel for United States of America*

---

[5] The Proposed Order also eliminates the United States' opportunity to obtain further discovery on the potential impact of the Booz Allen – EverWatch merger on other contracts.

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2022, I electronically filed the foregoing Letter with the Clerk of Court using the CM/ECF system, and served, via electronic filing, counsel of record for all parties.

_____/s/_____
Jay D. Owen (special admission)
Assistant Chief
United States Department of Justice
Antitrust Division
Defense, Industrials, and Aerospace Section
450 Fifth Street N.W., Suite 8700
Washington, DC 20530
Telephone: (202) 476-0251
Facsimile: (202) 514-9033
Email: Jay.Owen@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

    Plaintiff,

        v.

BOOZ ALLEN HAMILTON HOLDING
CORP., *et al.*,

    Defendants.

Civil No.: 1:22-cv-01603-CCB

## ORDER

Before the Court is Plaintiff's Motion for a Preliminary Injunction. Having considered the Motion, and any response thereto, the Court concludes as follows:

**IT IS ORDERED** that Plaintiff's Motion for a Preliminary Injunction be, and hereby is GRANTED; and

**IT IS FURTHER ORDERED** that any Defendant may, at any time prior to ninety (90) days following the deadline for submission of bids for the OPTIMAL DECISION request for proposals, terminate the March 15, 2022 Merger Agreement under Section 10.01 ("Termination") for any reason, with the effect being to terminate the Merger Agreement as described in Section 10.02 ("Effect of Termination") of the Merger Agreement, that Defendants are enjoined from taking any future legal action for breach of the Merger Agreement for any termination made pursuant to this order, and that Section 7.03 ("No Solicitation") of Defendants' March 15, 2022 Merger Agreement is suspended until ninety (90) days following the deadline for submission of bids for the OPTIMAL DECISION request for

1

proposals; and

      **IT IS FURTHER ORDERED** that Defendant Booz Allen Hamilton Holding Corp. and any parent, affiliate, subsidiary, or division thereof are hereby enjoined and restrained, pursuant to the Sherman Act, 15 U.S.C. § 4, and Federal Rule of Civil Procedure 65, from acquiring any stock, assets, or other interest, directly or indirectly, in Defendants EC Holdings LLC or EverWatch Corp., until ninety (90) days following the deadline for submission of bids for the OPTIMAL DECISION request for proposals.

**SO ORDERED**, this \_\_\_\_\_ day of _____, 2022.

                                            _____

                                            UNITED STATES DISTRICT JUDGE